**UNITED STATES of America,**
**Plaintiff,**

v.

**Ernest N. MERRIWETHER, Defendant.**

**Crim. No. 15387.**

United States District Court,
S. D. Alabama, S. D.

June 8, 1971.

Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., William R. Favre, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff.

Vincent F. Kilborn, Mobile, Ala., for defendant.

## OPINION AND ORDER

PITTMAN, District Judge.

In this case the defendant, Ernest N. Merriwether, was charged in a seventeen count indictment which alleged violations of Title 26, U.S.C. Section 7215, failure to pay over income taxes and F.I.C.A. taxes withheld from employees as required by law. On arraignment, the defendant entered a plea of not guilty. Defendant, his attorney, and the United States Attorney agreed to a withdrawal of the jury demand and transferred the case to the non-jury docket. The case came on to be heard January 15, 1971. At the conclusion of the evidence, the attorney for the United States was granted leave to secure certain documents which were subsequently submitted to the court. At the request of defendant's attorney the arguments were continued for one week. Upon careful consideration of the evidence and arguments of counsel, the court finds as follows:

## FINDINGS OF FACT

The defendant, Ernest N. Merriwether, was president and principal active officer of the Dixie Engineering Corporation from the third quarter of 1966 up to and including May 1, 1968, as well as subsequent thereto. The Dixie Engineering Corporation was required to collect, account for, and pay over to the United States the F.I.C.A. taxes and Federal income taxes withheld from employees' wages. Throughout the period including the third quarter of 1966 through the fourth quarter of 1967, Ernest N. Merriwether, as president, failed to collect, truthfully account for, pay over and make deposits and payments of the F.I.C.A. taxes and Federal income taxes withheld from employees' wages.

On January 5, 1968, Mr. Melton Fox of the Internal Revenue Service, United States Treasury Department, personally handed to the defendant a notice to make special deposits of taxes as pro-

vided by Title 26, U.S.C. Section 7512. The notice required defendant to collect the F.I.C.A. taxes and income taxes withheld from employees which became collectible subsequent to delivery of the notice, and, not later than the end of the second banking day after such collection, to deposit said taxes in a separate bank account to be established by the defendant in trust for the United States, to be kept therein until paid over to the United States.

After receiving notice as aforesaid, the defendant collected taxes as required in the amounts hereinafter set out, but failed to deposit the taxes in a separate bank account in trust for the United States, within two banking days after the taxes were collected, with the dates the deposits were required to be made tabulated opposite the amount which should have been deposited as set out below.

| Date Deposit Required | Amount of Deposit Required |
| --- | --- |
| 1/9/68 | $ 60.62 |
| 1/23/68 | 71.34 |
| 1/23/68 | 66.34 |
| 1/30/68 | 69.62 |
| 2/6/68 | 69.62 |
| 2/13/68 | 65.94 |
| 2/20/68 | 68.37 |
| 2/27/68 | 71.28 |
| 3/5/68 | 116.30 |
| 3/12/68 | 102.42 |
| 3/19/68 | 104.78 |
| 3/26/68 | 86.54 |

It was agreed in open court that the defendant, since the filing of this indictment, has paid the withheld taxes as set out in the indictment in Counts 13 through 17 inclusive. The United States struck these counts, and no testimony was taken as to them.

All of the evidence in this case, except Defendant's Exhibit #1 which was introduced into evidence upon cross-examination of a government witness, was presented by the United States. The defendant testified the books of the company reflecting this period have been destroyed by fire. All of the evidence with reference to the dates and figures concerning unpaid taxes was compiled from returns made by Dixie to the IRS, or by examination of Dixie's records by IRS agents. Dixie's tax returns reflected F.I.C.A. and income tax withholdings in the amount of $19,114.92 during the period beginning with the third quarter of 1966 and ending with the first quarter of 1968, inclusive.

The defendant, as president, failed to collect, account for, pay over, and make deposits of F.I.C.A. and Federal income tax withholdings which were due and owing. Consequently, on January 5, 1968, when defendant received notice from the IRS, Dixie and the defendant as its president were delinquent. After receiving notice, the defendant, as president failed to establish a separate bank account in his name in trust for the United States, and failed to pay over the F.I.C.A. and Federal income tax withholdings as indicated above. There was uncontradicted evidence from all the banks in the City of Mobile, and its metropolitan area, that there was no account established for the defendant or Dixie in trust for the United States. An agent of the IRS, who examined Dixie's books in May of 1968, prior to their destruction, testified that the books revealed no deposits or withdrawals to or from an account opened in trust for the United States in any bank or savings and loan association in any city.

## CONCLUSIONS OF LAW

This cause is treated herein as a case of first impression, the court having found no cases in point, and counsel having cited none. The question presented is one of statutory construction involving the interrelationship of five separate statutes, all within Title 26 of the United States Code. These sections form the basis of the indictment:

Subtitle C of Title 26 establishes the various withholding requirements of the Internal Revenue Code, and Sections 3402(a) and 3403, therein, set out the employer's liability for payment to the United States.

Section 7501 establishes the character of the monies withheld as being im-

pressed with a trust in favor of the United States.

Section 7512 requires adherence to certain administrative practices and procedures following hand delivered notice to the taxpayer. It is the apparent purpose of Section 7512 to force the recalcitrant taxpayer into a course of conduct tending to heighten the effectiveness of future prosecutions.

Section 7215 merely establishes the penalty for non-compliance with Section 7512.

Section 7343 provides a definition of the term "person", which definition includes an officer or employee of a corporation.

It is the contention of the United States that the Section 7343 definition is sufficiently broad to ensnare the defendant in this statutory web. The difficulty with such a contention arises out of the express provision of Section 7343, limiting the definition to usages of the term "person" appearing within "this chapter" (Chapter 75—Crimes, Other Offenses, and Forfeitures), and the legislative history of Section 7343, which is limited to the single phrase "* * * continues in one place the definition [of the term 'person'] used throughout criminal sections of the Internal Revenue Code." Of the applicable statutes, only Section 7215 is within Chapter 75. It is, therefore, not clear that the Section 7343 definition is appropriate within the context of Sections 7501 and 7512, which are found within Chapter 77 (Miscellaneous Provisions). Accordingly, we must look to 26 U.S.C.A. Section 7701, the general definition section of the Code, construing "person" to mean and include an individual, a trust, estate, partnership, association, company or corporation.

Section 7501 begins with the language:

"Whenever any *person* is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States * * *." (Emphasis added.)

Section 7512 begins with the language:

"Whenever any *person* who is required to collect, account for, and pay over any tax imposed by subtitle C * * *." (Emphasis added.)

■ The point in controversy is the definition of "person" in these latter statutes, 7501, 7512. Section 7501 is essential to the indictment in that it declares the character of the withheld monies as being trust funds. On this point, the court feels itself guided by Newsome v. United States, 431 F.2d 742, note 6 (5th Cir. 1970) wherein, citing the United States Treasury Regulations, the Fifth Circuit held that the word "person", as it appears in Section 7501, does not include corporate officers. Although the Newsome case was brought under Section 6672 for recovery of civil penalties from corporate officers, Section 7501 is thought to form the basis for both civil and criminal penalties. Consequently, Dixie Engineering Corporation, and not defendant, Ernest N. Merriwether, was the "person" required to collect income and F.I.C.A. taxes from the wages of the corporate employees.

■ Were the court's analysis to end here this case would have the effect of holding corporate officers to be above the law and beyond the grasp of those criminal sanctions clearly applicable to partnerships and sole proprietors. This court is aware, as must have been the Congress, that the vast majority of business, by dollar volume and employed persons, carried on within the United States is done by corporate entities. It is inconceivable that the officers of the corporations can escape liability for acts, which, if alleged and proven, would be sufficient to imprison a partner or proprietor engaged in small business. However, the Government has proven facts showing that defendant, Merriwether, aided and abetted Dixie Engineering Corporation, a person within the purview of Section 7501, in its failure to

collect and pay over withholding taxes. It is well settled that an aider and abettor is guilty and punishable as a principal. 18 U.S.C.A. Section 2. An aider and abettor may be indicted directly with commission of the substantive crime, and such a charge may be supported by proof that he only aided and abetted in its commission. Nassif v. United States, 370 F.2d 147 (8th Cir. 1966). One need not be charged as an aider and abettor to be held as one. Yeloushan v. United States, 339 F.2d 533 (5th Cir. 1964). Evidence showing an offense to have been committed by a principal is necessary, although it is not required that the principal be convicted, or even that identity of the principal be established. Pigman v. United States, 407 F.2d 237, 239 (8th Cir. 1969).

The court is convinced beyond a reasonable doubt the defendant is guilty as charged. It is therefore ordered, adjudged and decreed that the defendant, Ernest N. Merriwether, was found Guilty as charged in each count, one through twelve inclusive, separately and severally as to each count, on the 5th day of April, 1971.