357 So.2d 156 (1977)
Darryl Travis WATKINS
v.
STATE.
6 Div. 398.
Court of Criminal Appeals of Alabama.
October 25, 1977.
Rehearing Denied December 6, 1977.
On Return to Remand April 4, 1978.
*158 Henry B. Welch of Welch & Tucker, Birmingham, for appellant.
William J. Baxley, Atty. Gen., and James L. O'Kelley, Asst. Atty. Gen., for the State.
BOWEN, Judge.
The appellant was indicted and convicted for robbery. Punishment was fixed at ten years imprisonment.
The evidence presented by the state revealed that on the 17th of February, 1976, two men and the appellant entered the Spring Air Cleaners in Birmingham, Alabama. Kenneth Dials pulled a pistol and demanded the money from the manager and the manager placed a cigar box containing coins on the counter. The appellant and the third man, Larry Leon Cobb, then got the money from that box. Immediately all three men ran out of the cleaners.
Within minutes the trio was spotted by the police. As a patrol car drove toward them, the three men, who had been walking, began to run and continued running after having been ordered to halt by the police. None of the forty-six dollars taken from the cleaners was found on the appellant when he was apprehended. All three men were positively identified by the manager.
Larry Leon Cobb testified that he had no knowledge of a robbery plan before the crime actually occurred. Cobb maintain that the robbery was not planned or discussed among the three men and that the appellant did not have any prior knowledge of its commission. Cobb testified that the *159 appellant did not take any money from the manager of the cleaners and did not participate in the robbery in any way.
The appellant testified in his own behalf and denied having any knowledge of a robbery plan the day he went to the Spring Air Cleaners. He stated that during its commission he merely stood by the door of the cleaners and did not say or do anything.

I
The appellant maintains that he was not properly informed of the charge in the indictment because the indictment did not charge conspiracy. He contends that on an indictment charging robbery he could not be convicted on proof that he was a co-conspirator and aided and abetted in the commission of the offense.
The indictment charged common law robbery. A part of the state's evidence was based on the fact that the appellant was one of three men who robbed a dry cleaners. The appellant was not charged nor was he convicted of conspiracy under Title 14, Section 14, Code of Alabama 1940, Recompiled 1958. The evidence established that the appellant aided in the commission of a robbery. All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid and abet in its commission, must be indicted, tried and punished as principals. Title 14, Section 14, Code. The contention of the appellant has been considered by the Supreme Court of this state and found to be without merit. Stokley v. State, 254 Ala. 534, 49 So.2d 284 (1951).
Additionally Title 14, Section 14, Code, authorizing conviction of the substantive crime charged on proof that the accused aided and abetted in its commission, is not violative of the provisions of Section 6 of our state constitution which provides that "in all criminal prosecutions the accused has a right to * * * demand the nature and cause of the accusation". Stokley, supra.
Under federal law
"It is well settled that an aider and abettor is guilty and punishable as a principal. 18 U.S.C.A. Section 2. An aider and abettor may be indicted directly with commission of the substantive crime, and such a charge may be supported by proof that he only aided and abetted in its commission. Nassif v. United States, 370 F.2d 147 (8th Cir. 1966). One need not be charged as an aider and abettor to be held as one. Yeloushan v. United States, 339 F.2d 533 (5th Cir. 1964). Evidence showing an offense to have been committed by a principal is necessary, although it is not required that the principal be convicted, or even that identity of the principal be established. Pigman v. United States, 407 F.2d 237, 239 (8th Cir. 1969)." United States v. Merriwether, 329 F.Supp. 1156, 1160 (D.C.Ala.1971), affirmed, 469 F.2d 1406 (5 Cir.).

II
The appellant also contends that the evidence was insufficient to support the verdict. Recognizing the principle that the mere presence of an individual at the time and place of a crime does not make him a party to that crime, it must also be remembered that the words "aid and abet" comprehend all assistance rendered by acts, words of encouragement or support, or presence, actual or constructive, to render assistance should it become necessary. No particular acts are necessary. Radke v. State, 292 Ala. 290, 293 So.2d 314 (1974). The common enterprise or adventure may have been entered into on the spur of the moment without pre-arrangement or preparation. Fuller v. State, 43 Ala.App. 632, 198 So.2d 625 (1966). The appellant's actual participation need not be proved by positive testimony; the jury is to determine whether it exists and the extent of it from the conduct of the parties and all the testimony adduced. Knight v. State, 50 Ala.App. 457, 280 So.2d 163 (1973).
Here the state proved more than the mere presence of the appellant at the scene of the crime. The eyewitness identification of the appellant as one of the individuals who took some money from the cigar box is sufficient to authorize his conviction notwithstanding *160 the defense testimony that he had nothing to do with the robbery. Where the evidence is conflicting as to the defendant's connection as an accomplice or co-conspirator, a jury question is presented. Crutcher v. State, 55 Ala.App. 469, 316 So.2d 716 (1975); Bass v. State, 55 Ala.App. 5, 312 So.2d 576 (1975).

III
The appellant asserts that the trial court erred by charging the jury on the law of conspiracy and aiding and abetting and further by failing to give all of the requested charges.
Initially we note that at the close of the court's oral instructions to the jury the trial judge specifically asked defense counsel if he had any exceptions. None were stated. In the absence of an exception nothing is presented for review by this court. Coleman v. State, Ala.Cr.App. 332 So.2d 746 (1976); 7 Alabama Digest, Criminal Law.
Moreover, pursuant to the authorities listed under the first section of this opinion the trial court was correct in charging the jury on the law of conspiracy and aiding and abetting.
All of the charges requested by the appellant which were refused by the trial court concerned instructions either on the burden of proof or the presumption of innocence. Each was adequately and substantially covered in the court's oral charge. They were therefore properly refused. Title 7, Section 273, Code of Alabama 1940, Recompiled 1958; Ball v. State, 51 Ala.App. 270, 284 So.2d 296 (1973).

IV
Finally we come to the most significant argument presented on appeal: Whether youthful offender status may be denied solely on the basis of the crime charged?
The appellant was sixteen years old when the offense was committed. Prior to trial he requested treatment as a youthful offender pursuant to Title 15, Section 266(1), Code of Alabama 1940, Recompiled 1958 (1971, 3rd Ex.Sess., No. 335, p. 4622, approved Feb. 10, 1972).
The record on appeal reflects that at arraignment the trial judge denied the request for youthful offender status "due to the fact that this is armed robbery of a business". The record does not reveal and the state does not contend that any other factors were considered by the trial judge in denying the request.
The Youthful Offender Act does not require a full, formal hearing or an investigation and examination of the defendant by a probation officer in every case.
"All that is required of the trial court, * * * is such investigation and examination of the defendant as is sufficient to enable the judge to make an intelligent determination of whether, in his discretion, the defendant is eligible to be treated as a youthful offender, rather than being tried, and if found guilty, sentenced in the normal criminal process." Clemmons v. State, 294 Ala. 746, 749, 321 So.2d 238, 241 (1975).
Thus some investigation and examination of the appellant by the trial judge must be conducted before the request for youthful offender treatment can be lawfully denied. Edwards v. State, 294 Ala. 358, 317 So.2d 512 (1975). This examination need not be lengthy or formal and need not proceed under any prescribed form.
"The court would naturally consider such matters as the nature of the crime charged, prior convictions, or absence thereofall of which can be ascertained without a lengthy, time consuming investigation by the probation officer." Clemmons, supra, 294 Ala. 749, 321 So.2d 241.
A trial judge may not deny a request for youthful offender treatment without some examination or investigation of the defendant; he may not deny that status solely and only upon a consideration of the nature of the crime charged. While a trial judge may deny youthful offender status because of the nature of the particular crime committed, he may not reach his decision without a *161 consideration of other factors, namely prior convictions and the age of the defendant. To deny a request after only a consideration of the crime charged is arbitrary for it removes all elements of discretion from the trial judge. The Youthful Offender Act applies equally to all crimes from petit larceny to murder in the first degree.
While an order denying a request for Youthful Offender treatment need not list or enumerate all the factors considered by the trial judge, it should reflect that some investigation, examination, or inquiry was had of the defendant before the request was denied.
Accordingly this cause is due to be remained to the trial court with instructions to that court to investigate and examine the appellant at a hearing and determine whether in its discretion the appellant should be tried as a youthful offender. This procedure was approved in Edwards, supra.
REMANDED WITH DIRECTIONS.
All Judges concur.

AFTER REMANDMENT
BOWEN, Judge.
This cause was remanded by this court to the Circuit Court of Jefferson County with instructions to that court to investigate and examine the appellant at a hearing and determine whether in its discretion the appellant should be tried as a youthful offender in compliance with Title 15, Section 266(1), Code of Alabama 1940. On March 10, 1978, a hearing was held and the trial docket sheet recites that "all matters and things set forth in court of criminal appeals opinion and order of remandment have been considered and complied with as directed". It also appears that the trial judge had for his consideration a "Report of Youthful Offender Investigation" completed by a Probation and Parole Supervisor of Birmingham, Alabama. Upon a consideration of these factors youthful offender treatment was denied.
Before return to remand was submitted to this court, certiorari was denied by the Alabama Supreme Court on January 27, 1978.
The proceedings on remandment have been reviewed and are in accordance with the law of this state. Having considered the merits of this appeal in our initial decision, the judgment of the trial court is hereby affirmed.
AFFIRMED.
All Judges concur.