UNITED STATES of America, Plaintiff,

v.

William W. STEVENSON, George H. Stevenson, Defendants.

Crim. A. No. 82–14.

United States District Court, D. Delaware.

June 4, 1982.

Joseph J. Farnan, Jr., U. S. Atty., and John X. Denney, Jr., Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Donald W. Booker, and Stephen D. M. Robinson, Wilmington, Del., for defendants.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

This is a criminal action brought under section 7215 of the Internal Revenue Code. Defendants William W. Stevenson and George H. Stevenson have been indicted on nine counts of failing to deposit taxes withheld from employees' wages in a separate bank account in trust for the United States as required under 26 U.S.C. § 7512. Two motions have been briefed and argued to the Court: defendants' motion to dismiss the indictment, and defendants' motion for discovery and inspection of certain materials in the possession of the Government. For the reasons stated below, the Court will deny both motions.

William and George Stevenson are president and vice-president, respectively, of The Stone Balloon, Inc., a restaurant and liquor establishment in Newark, Delaware. In May, 1981, defendant William Stevenson received a Form 2481 from the Internal Revenue Service (IRS), which requires the establishment of a special bank account for depositing taxes withheld from employees. On April 21, 1982, defendants were arraigned in this Court for failing to make payments to the account for the first quarter of 1982.

Defendants have first moved to dismiss the indictment because it does not state facts sufficient to constitute an offense. They assert that the indictment fails to state with specificity that the corporate taxpayer, The Stone Balloon, Inc., failed to make deposits into the trust fund. Defendants contend that the "person" required to make such payments under section 7512 is the corporation, not the individual officers, relying on *United States v. Merriwether*, 329 F.Supp. 1156 (S.D.Ala.1971). They therefore argue that the indictment omits an essential element of the offense by failing to allege that the corporation committed the offenses, a prerequisite to holding the corporate officers criminally liable. The Court does not agree.

The statutory scheme may be briefly set forth as follows. Section 7501 of the Code establishes the legal status of funds withheld by an employer from wages:

> *General rule.*—Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose.

26 U.S.C. § 7501(a). As the Supreme Court noted in *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978), "The IRS has several means at its disposal to effect payment of the taxes so withheld." *Id.* at 243, 98 S.Ct. at 1783. The IRS may require compliance with accounting requirements;[1] it may employ the full range of collection methods available to collect taxes held in trust;[2] it may assess penalties against the delinquent employer;[3] or it may hold officers or employees of the employer responsible for a willful delinquency

subject to a civil penalty and felony conviction.[4] *Id.* at 244–45, 98 S.Ct. at 1783–84.

In this case, the IRS chose to proceed under section 7512. That section provides:

> *General Rule.*—Whenever any person who is required to collect, account for, and pay over any tax imposed by subtitle C, by chapter 33, or by section 4986—
>
> (1) at the time and in the manner prescribed by law or regulations (A) fails to collect, truthfully account for, or pay over such tax, or (B) fails to make deposits, payments, or returns of such tax, and
>
> (2) is notified, by notice delivered in hand to such person, of any such failure,
>
> then all the requirements of subsection (b) shall be complied with. In the case of a corporation, partnership, or trust, notice delivered in hand to an officer, partner, or trustee, shall, for purposes of this section, be deemed to be notice delivered in hand to such corporation, partnership, or trust and to all officers, partners, trustees, and employees thereof.

26 U.S.C. § 7512(a). Subsection (b) of section 7512 sets forth the procedures which must be followed—the taxes withheld must be deposited no later than the end of the second banking day after which collected in a separate bank account, designated as a special fund in trust for the United States. *See* 26 U.S.C. § 7512(b). The penalty for failure to comply with this section, and the section under which defendants were indicted, is set forth in section 7215, which provides:

> *Penalty.*—Any person who fails to comply with any provision of section 7512(b) shall, in addition to any other penalties provided by law, be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $5000, or imprisoned not more than one year, or

---

1. *See* 26 U.S.C. § 7512, discussed *infra*.

2. *See* 26 U.S.C. §§ 6321, 6331–44.

3. *See* 26 U.S.C. §§ 6656, 7202, 7215.

4. *See* 26 U.S.C. §§ 6672, 7202.

both, together with the costs of prosecution.

26 U.S.C. § 7215(a).

■ The indictment does not allege that The Stone Balloon, Inc., failed to pay over taxes into the trust fund. The indictment instead states that the defendants were officers of Stone Balloon, Inc., an employer of labor required to pay over certain taxes withheld from wages; that Stone Balloon, Inc., received notice of its obligation to pay future withheld taxes into a special bank account; and that the defendants failed to deposit these funds. The issue is, simply, whether this states an offense under the statutory sections outlined above. The controversy has focused on the definition of the term "person" in section 7215.

The Court holds that the indictment is sufficient. The section defining "person" for purposes of section 7215 is section 7343, which reads in its entirety:

> The term "person" as used in this chapter [chapter 75—Crimes, Other Offenses, and Forfeitures] includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

26 U.S.C. § 7343. The Stevensons, as president and vice-president of The Stone Balloon, Inc., clearly fall within this category. Defendants nevertheless argue that the relevant "person" is the "person" in section 7512, which is in chapter 77 and therefore not covered by the definition in section 7343. Under the rationale of *United States v. Merriwether*, 329 F.Supp. 1156 (S.D.Ala. 1971), defendants assert that the Court must look to the definition of "person" in section 7501, which, as earlier noted, establishes the status of withheld funds as being held in trust for the United States. The *Merriwether* court further held that under section 7501, the term "person" referred only to the corporation, and not corporate officers. *Id.* at 1159 (citing *Newsome v. United States*, 431 F.2d 742, 745 n.6 (5th Cir. 1970)). Defendants therefore assert that the "person" required to comply with

section 7512(b) is the corporation, The Stone Balloon, Inc., and that the absence of an allegation in the indictment that this "person" failed to pay into the trust fund renders the indictment fatally defective.

The Court is of the opinion that the *Merriwether* court erred in its analysis by focusing on section 7501. That court stated that "Section 7501 is essential to the indictment in that it declares the character of the withheld monies as being trust funds." *Id.* at 1159. The Court cannot agree. Although it is true that section 7501 defines withheld taxes as being held in trust for the United States, its focus is on money already withheld in the past by the employer. In contrast, the requirements of section 7512 are directed toward funds withheld *subsequent to* a failure to withhold and a notice delivered in hand. In other words, section 7501 may be construed to reach past conduct by an employer in failing to withhold, while section 7512 is designed to control the future conduct of the employer in handling withheld taxes.

The statute is far from precise on this point, and the overlapping language of various sections provides the IRS with a number of ways to obtain withheld monies. Nevertheless, the conclusion that section 7501 is not the section relevant to this indictment is bolstered by several other factors. First, it is clear that one could not prosecute a violation of section 7501 under section 7215, as section 7215 is explicitly limited by its terms to violations of section 7512(b). Secondly, a violation of section 7501 requires willfulness, while a violation of section 7512(b) does not. Finally, the penalties for violating these two sections are very different. Section 7501(b) provides that penalties applicable to violations of section 7501(a) are contained in sections 6672 and 7202. Section 6672(a) provides:

> *General rule.*—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the pay-

ment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . . .

26 U.S.C. § 6672(a).[5] Section 7202 provides the criminal penalty:

Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7202.[6] In contrast, as noted *supra*, violations of section 7512 are misdemeanors, not felonies.

In short, the Court believes that the relevant sections here are sections 7215(a), 7512(a) and (b), and 7343, and that "person" in section 7512(a) includes officers of a corporation. Reading these sections together, it is clear that the Government will have to show as an element of the offense that the Stevensons were "persons" under section 7215 in that they were "under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 7343. The fact that this proof will require showing that the corporate entity of which they were officers owed the taxes does not require that such an allegation be set forth in the indictment. The indictment need only be a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c). The indictment states that the Stevensons were corporate officers and that they failed to pay withheld taxes into the fund. This is sufficient for purposes of Rule 7(c).

■ Defendants further contend that the indictment should be dismissed because the United States failed to warn defendants that the nature of the proceedings changed from corporate and civil liability to individual and criminal liability. Defendants admit that Form 2481, which apparently was signed by George Stevenson, contains a warning regarding criminal liability, but argue that because it failed to notify them that they could be held criminally liable for a failure of the corporation to follow its requirements, the indictment should be dismissed.

The Court does not agree. Form 2481 is the notice delivered by the IRS in compliance with section 7512(a). It sets out the requirements of depositing taxes into a separate banking account, and then states:

Failure to comply with any provision of section 7512(b) of the Internal Revenue Code shall constitute a misdemeanor, and, upon conviction thereof, you will be subject to a fine of not more than $5000, or imprisoned for not more than one year, or both, together with prosecution costs. In addition all penalties provided for failure to comply with any other provisions of law shall be applicable.

"Notice to Make Special Deposits of Taxes," Document No. 1, Docket No. 16. The form therefore clearly alerts its recipient that criminal penalties may ensue from violation of its provisions. Furthermore, section 7512(a) itself explicitly states:

In the case of a corporation, partnership, or trust, notice delivered in hand to an officer, partner, or trustee, shall, for purposes of this section, be deemed to be notice delivered in hand to such corporation, partnership, or trust *and to all officers, partners, trustees, and employees thereof.*

26 U.S.C. § 7512(a) (emphasis added). Congress therefore expressly provided that notice delivered to a corporation in this manner extends to all officers and employers of the corporation. In this case, George and William Stevenson are deemed to have had

---

**5.** Section 6671(b) defines "person" for purposes of section 6672 to include "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b).

**6.** Section 7202 is covered by the definition of "person" in section 7343.

notice of the possibility of criminal penalties for failure to comply.

Defendants have cited no authority for their assertion that the Government must notify corporate officers of possible individual criminal liability for violations committed by the corporation. *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977), relied upon by defendants, is inapposite. That case addresses the use of fraud by an IRS agent to obtain consent to a search, which was held violative of the fourth amendment; no fourth amendment issue has been raised here. Furthermore, there is no requirement that individuals who are subject to criminal sanctions for activity which violates a law of the United States must receive notice before they may be charged with such an offense. It should be noted in this context once again that willfulness is not an element of section 7215. The only notice required is that which compels defendants to deposit funds in a special account; there is no requirement that defendants also have notice that they could be held personally liable. The Court therefore rejects defendants' second argument.

Defendants' final contention is that the indictment should be dismissed because the United States is selectively prosecuting the defendants. They argue that they have been selected out of the hundreds of similarly situated establishments in Delaware because of their high visibility in the liquor and restaurant industry, and that they therefore meet the test set out by the Second Circuit in *United States v. Berrios*, 501 F.2d 1207 (2d Cir. 1974). The Court holds that defendants fail to meet the requirements of *Berrios*, and that no showing of selective prosecution has been made.

The parties agree that the *Berrios* court accurately set out the requirements for a showing of selective prosecution. That court stated:

To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least *prima facie*, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he had been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, *i.e.*, based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*Id.* at 1211. The Third Circuit Court of Appeals cited the *Berrios* test in *United States v. Torquato*, 602 F.2d 564, 569 n.8 (3d Cir.), *cert. denied*, 444 U.S. 941, 100 S.Ct. 295, 62 L.Ed.2d 307 (1979). In *Torquato*, the appellate court further noted that a defendant is not entitled to an evidentiary hearing unless he can prove a "colorable entitlement." *Id.* at 570; *see United States v. Berrigan*, 482 F.2d 171, 181 (3d Cir. 1973).

The Court does not believe that defendants have shown even a colorable entitlement to the defense of selective prosecution. First, defendants have failed to show that others similarly situated have not been prosecuted. At oral argument, counsel for the defendants asserted that the relevant class was all those who had failed to pay withholding taxes owed. Other than unsupported allegations, defendants have not presented sufficient facts to make even a *prima facie* case that this is the situation.[7]

Even more damaging to defendants is their inability to make any kind of showing that they have been singled out because they are members of a protected class or are exercising constitutional rights. Defendants make no argument, nor could they, that operators of liquor or restaurant establishments are a protected class under

---

7. Defendants have submitted an affidavit to this Court which indicates that over two hundred Form 668 Notices of Federal Tax Liens for nonpayment of federal unemployment taxes had been filed from December 2, 1981 to May 20, 1982. Docket No. 17. The relevance of this information is unclear. Defendants offer no evidence as to how many taxpayers have failed to pay withholding taxes, how many have received Form 2481 notices, or how many have been prosecuted, facts which would be necessary to make a *prima facie* showing of selective prosecution.

**98**

the Constitution. Thus, their only argument could be that they were somehow being selectively prosecuted for exercising their constitutional rights. Defendants make some vague allegations that they have been "highly visible" in advocating the interests of the liquor industry, but even if this presents some argument that their exercise of first amendment rights has led to their prosecution, defendants have simply not produced enough facts to take the question past the frivolous stage.

At oral argument, counsel for defendants asserted that this prosecution was an attempt to show the Stevensons "who is boss" and teach them and others similarly situated a "lesson." Once again, the Court must simply note that this allegation of the motivation for the prosecution is "speculative and tenuous." *See United States v. Erne*, 576 F.2d 212, 216 n.4 (9th Cir. 1978) (rejecting claim of selective prosecution in § 7215 case). The Court will not dismiss an indictment based on such unsupported allegations.

Finally, defendants have moved to require the Government to disclose all books, records and documents in its possession relating to wage withholding tax delinquencies of taverns and restaurants within the District of Delaware from January 1, 1980 to March 31, 1982. Defendants argue that such evidence will prove defendants' legal defense of selective prosecution. As the Court has already found that defendants have failed to meet their burden of proving a colorable entitlement to the defense of selective prosecution, defendants are not entitled to such discovery. *See United States v. Berrigan*, 482 F.2d 171, 181 (3d Cir. 1973).

The motions to dismiss the indictment and for discovery will be denied.