ON REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
Appellee’s application for rehearing is accompanied by a request for a “Finding of Additional Facts,” which appellee sets forth as follows:
“1. The Appellant was incarcerated in the Calhoun County Jail for Murder and Robbery in the First Degree at the time of the commission of the offense.
“2. The Trial Judge’s Order denying Appellant’s Youthful Offender Application stated ‘After consideration.’
“3. Appellant was properly sentenced under Alabama’s Habitual Offender Act to Life Imprisonment.”
Without attempting to determine whether the quoted request is within the purview of Rule 39(k) A.R.A.P., we accede to the request by adding to our opinion on original submission the material quoted and indented hereinabove. In doing so, however, we think the following should be noted:
1. There is nothing to indicate in the record proper or in the transcript of the proceedings in the instant case that the trial judge had been apprised, before the conclusion of the trial of the case, that appellant at the time of the alleged commission of the offense was incarcerated in the Calhoun County Jail for murder and for robbery in the first degree. Neither in the record proper nor in the court reporter’s transcript does there appear any reference whatever to defendant’s incarceration for murder and for robbery in the first degree, until after the jury . had been excused, the defendant had been adjudged guilty and an inquiry between the trial judge and the defendant had commenced, in which it was disclosed *5 by defendant that he was then “serving time on another sentence,” and the State made it known to the court that it would proceed against the defendant under the Habitual Felony Offenders Act. A sentence hearing was then set on a date about two weeks after the verdict and judgment, at which sentence hearing it was shown that defendant had been previously convicted of murder and robbery in the first degree.
2. The trial court’s order denying defendant’s application to be treated as a youthful offender was quoted in full in the opinion on original submission, and as so quoted it contained the words “after consideration.”
3. At the sentence hearing, it was shown that defendant had been previously convicted of two felonies, one for murder and the other for robbery in the first degree. Under the existing circumstances, “... he must be [must have been] punished by imprisonment for life or for any term of not less than 99 years.” Code of Alabama 1975, § 13A-5-9(b)(3).
In appellee’s brief on application for rehearing, it is stated:
“.... It is obvious from the nature of the charge against him and from his previous record that this man was not a viable candidate for Youthful Offender Treatment. The trial judge exercised prudent and reasonable judgment in denying Wynn’s application. We can not tell from the record exactly what evidence the judge took into consideration when he made his decision, but the personal history of the defendant was obviously known to the judge. To send this case back for a full blown hearing is unnecessary and a waste of precious judicial time. It is also inconsistent with previous decisions of this Court. In some instances a more in-depth analysis would be called for to determine a nineteen-year-old’s proper status. However, under the present circumstances, and since the Trial Court cannot reach any other decision except the one it has already made, the Court should reconsider its decision to remand this case and affirm the trial Court’s previous action.”
We do not question the strength of ap-pellee’s argument. We do question any implication thereof that the trial judge knew, at the time of the denial of defendant’s motion to be treated as a youthful offender, essentially all that he would have then known if defendant had been “investigated and examined by the court to determine whether he should be tried as a Youthful Offender,” as mandated by Code of Alabama 1975, § 15-19-l(a).
In ordering in the opinion on original submission that the cause “be remanded to the trial court to investigate and examine the appellant at a hearing and determine whether in its discretion appellant should be tried as a youthful offender,” the hearing contemplated is not necessarily “a full blown hearing” or “a waste of” appreciable “precious judicial time.” Appellee appropriately quotes from Watkins v. State, Ala. Cr.App., 357 So.2d 156, at 357 So.2d 160 (1977), cert. denied, 357 So.2d 161 (Ala.1978):
“The Youthful Offender Act does not require a full, formal hearing or an investigation and examination of the defendant by a probation officer in every case.”
Moreover, to the precise point involved in the instant case is what is thereafter stated in Watkins, supra, at 357 So.2d 161:
“While an order denying a request for Youthful Offender treatment need not list or enumerate all the facts considered by the trial judge, it should reflect that some investigation, examination, or inquiry was had of the defendant before the request was denied. (Emphasis supplied).”
Neither the order of the trial court nor anything else shown by the record proper or the reporter’s transcript shows a compliance with Code § 15-9-l(a). The application for rehearing should be overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur, except BOWEN, P.J., who adheres to his dissent, as does TAYLOR, J.
*6 ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
By the Return to Remand of the trial court filed with the Clerk of this Court on December 20, 1984, we are informed that on December 6, 1984, this appellant appeared before the trial court, accompanied by an attorney designated by the trial court to appear on behalf of this appellant, and that the trial court rendered an order in pertinent part as follows:
“Now on this 6th day of December, 1984 after Hearing argument by Counsel and full consideration by the Court of same, including Probation Officer’s Oral Report, and Defendant’s prior record (which was also considered prior to the original denial on March 2, 1983).
“It is considered, ordered and adjudged by the Court that the Defendant’s Youthful Offender Application be and the same is hereby denied.”
Therefore, the judgment of conviction and sentence in the trial court should .be affirmed.
AFFIRMED.
All the Judges concur.