The appellant, Richard Lynn Wilson, pleaded guilty to theft in the second degree, a violation of § 13A-8-4, Code of Alabama 1975, He was sentenced to three years' imprisonment.
 I
Appellant contends that the trial court abused its discretion in denying his application for youthful offender treatment. He further contends that the trial court erred in not stating the reasons for the denial of his motion to be treated under the Youthful Offender Act.
As Judge Bowen stated in Morgan v. State, 363 So.2d 1013,1015 (Ala.Cr.App. 1978):
 "The Youthful Offender Act vests in the trial judge almost absolute discretion to grant or deny youthful offender status after making an appropriate investigation. McClendon v. State, 341 So.2d 174 (Ala.Cr.App. 1976); Section 15-19-1, Code of Alabama 1975. This act does not require a full, formal hearing or an investigation by a probation officer in every case. Clemmons v. State, 294 Ala. 746, 749, 321 So.2d 238 (1975). . . . The trial judge is not required to state his reasons for denying youthful offender status. This court will not overturn that exercise of discretion except where it affirmatively appears that the decision of the trial judge was arbitrary or made without some examination or investigation of the youthful offender. Watkins v. State, 357 So.2d 156
(Ala.Cr.App.), cert. denied, 357 So.2d 161
(Ala. 1977). It is not for this court to overturn the decision of the trial judge in denying youthful offender status simply because we would not have made that same decision."
This court in Self v. State, 512 So.2d 811 (Ala.Cr.App. 1987), quoting Goolsby v. State, 492 So.2d 635, 636 (Ala.Cr.App. 1986), stated:
 " 'When deciding whether to grant youthful offender status, it is expected that the nature of the crime charged, along with prior convictions of the defendant, will be considered, as well as any other matters deemed relevant by the court. (citation omitted)' "
Self, 512 So.2d at 814.
In Watkins v. State, 357 So.2d 156 (Ala.Cr.App. 1977), cert. denied, 357 So.2d 161 (Ala. 1978), we remanded the case to the circuit court because the trial court denied application for youthful offender status due to the nature of the crime charged. Nothing in the record revealed that any other factors had been considered.
In the instant case, the judge stated, "The nature of the offense is what was involved in this and so it was denied." Later in the record the judge stated, "But I will say this, that an investigation was made on this young man, I considered it carefully and I did not elect to give him youthful offender treatment."
Taken by itself, the first statement might be construed to mean that the trial court based its decision to deny youthful offender status solely on the nature of the crime charged. However, when we look at the *Page 13 
statements together, we find it clear that the trial judge considered the report made on the appellant. "While an order denying a request for youthful offender treatment need not list or enumerate all the factors considered by the trial judge, it should reflect that some investigation, examination or inquiry was had of the defendant before the request was denied." Watkins, 357 So.2d at 161. The record reflects that this was done. The trial court did not abuse its discretion in denying appellant's application for treatment as a youthful offender.
 II
Appellant next contends that the trial judge committed error by not allowing him to place into evidence applications and court rulings on 310 applications made for youthful offender status in Covington County between 1978 and 1988. Appellant contends that this evidence would show arbitrary and capricious application of the Youthful Offender Act. The record reflects that the trial court agreed to stipulate to this information. Therefore, no error occurred in this instance. Appellant further argues that an analysis of the prior 310 youthful offender adjudications would show whether the judges have required an applicant to be in school as a prerequisite to the granting of youthful offender treatment. That information would be immaterial, because there is no set formula or requirement for the granting or denying of youthful offender status. See, Goolsby v. State, 492 So.2d 635,636 (Ala.Cr.App. 1986).
 III
Last, appellant contends that the trial court erred in not correcting the record after a motion was made. He requests that the record by supplemented to include the following items: 1) two subpoenas issued by the circuit court clerk and a response to a subpoena duces tecum filed by the circuit court clerk, 2) the probation officer's report, 3) statements made by the trial judge at the first hearing, on November 7, 1988, 4) correction of arraignment date, and 5) correction of the date on which appellant was given probation.
The supplemental record contains the first two items that the appellant requested. Also, a transcript of the November 7 hearing is included in the supplement. As to items 4 and 5, Rule 10(f), Alabama Rules of Appellate Procedure, states:
 "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court."
Appellant concedes in his brief that the date that probation was given is immaterial. Likewise, the date of arraignment is immaterial in the present case. We see no reason why we should direct the trial court to correct the record.
AFFIRMED.
All the Judges concur.