BOWEN, Judge.
Jose A. Andujar was convicted of trafficking in cocaine in violation of Ala. Code 1975, § 20-2-80.[1] He was sentenced to 21 years’ imprisonment and was fined $50,000. He raises four issues on this appeal from that conviction.
*1320 I.
The defendant argues that the trial court abused its discretion in denying his application for youthful offender status without conducting a proper examination and investigation.
The defendant was indicted on June 27, 1989. Arraignment was held on July 10, 1989. On the day of trial, October 17, 1989, the defendant filed a printed form entitled “application for youthful offender status and order of investigation.” In the “order” portion of the form there appears the notation, “Application overruled without investigation,” followed by the signature of the trial judge. The entry on the case action summary for that date appears as follows: “Defendant making it known for the first time that he is 20 years of age files a motion to be treated as a youthful offender. Due to the nature of the charge, Trafficking in Cocaine, the defendant’s motion to be treated as a youthful offender is denied.” This entry is followed by the initials of the trial judge.
The record also shows that after the jury had been selected, but before it had been sworn, the following occurred:
“MR. FANNIN (defense counsel): He’s 20, Judge. We’re filing an application for youthful offender.
“THE COURT: The defendant is making it known this date that he’s only 20 years of age and filed an application to be treated as a youthful offender, and the Court having duly considered the nature of the charge with trafficking in cocaine overrule the motion and the application to be treated as a youthful offender.”
From the record it appears that the decision of the trial court to deny the defendant youthful offender status was arbitrary.
“A trial judge may not deny a request for youthful offender treatment without some examination or investigation of the defendant; he may not deny that status solely and only upon a consideration of the nature of the crime charged. While a trial judge may deny youthful offender status because of the nature of the particular crime committed, he may not reach his decision without a consideration of other factors, namely prior convictions and the age of the defendant. To deny a request after only a consideration of the crime charged is arbitrary for it removes all elements of discretion from the trial judge.”
Watkins v. State, 357 So.2d 156, 160-61 (Ala.Cr.App.1977), cert. denied, 357 So.2d 161 (Ala.1978) (emphasis in original). Compare Wilson v. State, 563 So.2d 11, 12-13 (Ala.Cr.App.1989).
Therefore, this cause is remanded to the trial court with instructions that that court state the reason or reasons why youthful offender treatment was denied, if the denial was in fact based on considerations other than that the defendant was charged with trafficking in cocaine. If the trial court did in fact deny youthful offender treatment based only on the fact that the defendant was charged with trafficking (without a consideration of the unique and particular facts involved or the manner in which the crime charged was committed), the trial court is instructed to initiate some type of investigation, to conduct an evidentiary hearing at which the defendant has a right to be present along with his counsel, and to determine whether the defendant is entitled to or should be treated as a youthful offender. If the trial court finds that the defendant should be treated as a youthful offender, the trial court shall resentence the defendant as a youthful offender. The trial court shall file a written return to this Court reflecting a finding of fact and the action taken within 60 days from the date of this opinion.
II.
The defendant failed to establish a prima facie case of purposeful racial discrimination in the prosecutor's exercise of his peremptory strikes in the selection of the jury. The voir dire of the venire is not *1321 contained in the record. That record does show that although the defendant was identified on his driver’s license as a “Hispanic white male,” defense counsel argued that the defendant is a “member of the black race. He is Hispanic originally from Puerto Rico.” The district attorney struck seven of the 11 blacks on the jury. This does not constitute a prima facie showing of purposeful racial discrimination under the guidelines set forth in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987).
III.
The defendant argues that the trial court erred in admitting the physical evidence seized from his automobile because that evidence was seized before the search warrant was obtained. Any discrepancy in the testimony of the various witnesses at the hearing on the motion to suppress as to whether the automobile was searched before or after the search warrant was obtained presented a factual question for the trial judge. “Any doubt, vagueness, or inconsistency in the testimony of a witness [or witnesses] properly goes to the credibility of the witness and is thus a question for the [trier of fact].” Gurganus v. State, 520 So.2d 170, 173 (Ala.Cr.App.1987). “The findings of a trial court on a motion to suppress are binding on this Court unless they are clearly erroneous.” Simmons v. State, 428 So.2d 218, 219 (Ala.Cr.App.1983). Here, the decision of the trial court is supported by substantial evidence.
This Court cannot review the merits of the defendant’s allegation concerning the insufficiency of the affidavit to support the search warrant because the affidavit was not admitted into evidence in the trial court and is not contained in the record on appeal. Sandifer v. State, 535 So.2d 203, 205 (Ala.Cr.App. 1987).
IV.
Contrary to the defendant’s argument, the State did present a prima facie case that the defendant was guilty of trafficking in cocaine. That evidence shows that on April 13, 1989, the defendant parked a 1979 Cadillac at the Birmingham Airport and flew to New York using the assumed name of Martinez. He returned to Birmingham on April 14 and drove the Cadillac to Talladega County. Expert analysis of tape found on the front seat of the Cadillac, in addition to other evidence, supplied abundant substantial evidence that the defendant smuggled the cocaine from New York to Birmingham by taping the cocaine to his leg. The cocaine was found under the backseat of the Cadillac and weighed 123.514 grams. The defendant had $1,724.00 in “cash” in one of his pockets. Here, the defendant was more than “merely” present in an automobile containing contraband. See Ex parte Story, 435 So.2d 1365 (Ala.1983).
For the reason stated in Part I of this opinion, this cause is remanded with directions.
REMANDED WITH DIRECTIONS.
All Judges concur.

. Section 20-2-80 was transferred to § 13A-12-231, effective September 30, 1988. Act No. 88-918, § 2(4), 1988 Ala.Acts 512.