ON RETURN TO REMAND
BOWEN, Judge.
With commendable thoroughness, the trial judge complied with the order or remand *70 of this Court 572 So.2d 1319, and explained the reasons for the denial of youthful offender treatment. The relevant portion of the order and findings of the trial judge are as follows:
“Pursuant to the said instructions on remand, the following action transpired. The defendant was returned to the jurisdiction by order of this Court and a hearing was held on the 19th day of December, 1990. Hank Fannin, Esq., Attorney at Law, who represented the defendant on the trial of this case, represented the defendant at the aforementioned hearing. The Court, taking judicial knowledge of the proceedings had before the Court, and likewise taking judicial knowledge of the records of this Court, finds as follows:
“That on July 10, 1989, the defendant was arraigned before a judge other than the undersigned. Upon being arraigned, the defendant entered a plea of not guilty. Evidently there was no mention made of the Defendant’s age at the time of arraignment, nor was any notation contained on the docket sheet furnished the undersigned that would have determined that the defendant was under twenty-one years of age at the time the alleged crime was committed. Thereafter, on October 17, 1989, the defendant’s attorney made it known to the undersigned for the first time that the Defendant was twenty years of age and filed a motion to be treated as a youthful offender. This action occurred after a jury had been selected and the case was set for trial immediately. The jury had not been sworn at this time. The Court took a recess to discuss the matter with the District Attorney for this circuit and the Attorney for the Defendant.
“At said hearing the following was determined without dispute:
“That the defendant, Andujar, was, as of that date, on probation from the State of New York, for the offense of Possession of a (Sawed-Off Shotgun). The length of sentence and the period of probation was not determined. However, such offense is a felony under both State and Federal Laws of this jurisdiction. The barrel on said “sawed-off shotgun” was less than eighteen inches. Together with this information, the District Attorney’s file contained information that the Defendant, Andujar, was a suspect in a “hit killing” in Brooklyn, New York. It was likewise determined, and the information was available in the District Attorney’s file, that the Defendant’s brother was a suspect in five or more “hit killings” in the State of New York, and that the Defendant was needed as a witness in said cases, if he would cooperate. On two occasions two detectives from Brooklyn, New York, came to Talladega to interview the Defendant and seek his cooperation in the investigations of the alleged murders in Brooklyn, New York.
“The undersigned, for lack of time, did not include these facts in the order denying youthful offender status. However, it was obvious to the Court that the Defendant, Andujar, was not fresh out of kindergarten, and that after having a full and complete investigation, the Defendant’s application to be treated as a youthful offender was/would have been denied.
“The Defendant was thereafter tried and convicted of the offense of Trafficking in Cocaine. His sentence was fixed at a term of twenty-one years in the State Penitentiary and a mandatory fine of $50,000 was imposed. The Defendant was granted 232 days jail time on said sentence. Said appeal thereafter resulted in this remandment for proceedings to determine whether or not the trial Court’s ruling on the Defendant’s application was arbitrary. Based on the evidence before the Court, prior to trial, the undersigned would not have granted the Defendant youthful offender status based on the information contained in the District Attorney’s file, regardless of his age, which was at the time twenty years.
“This action and this hearing is regrettable and would not have occurred had the undersigned originally arraigned the defendant, as it is the custom and practice of the undersigned to determine the *71 age of the Defendant prior to arraignment.
“It is therefore ORDERED, ADJUDGED, AND DECREED as follows:
“That after considering and reconsidering all of the facts presented to the Court prior to trial, the Defendant was not a prospect for youthful offender status. The same was denied on October 17, 1989, at which time the undersigned was first advised that the Defendant was under twenty-one years of age, and would be denied again today under the same circumstances.”
(Emphasis in original.)
The record now shows that the trial judge did not abuse his discretion in denying the defendant’s request for youthful offender treatment and that that request was properly denied. See Pardue v. State, 566 So.2d 502, 504-505 (Ala.Cr.App.1990).
The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.