The appellant, Ron Tyler Fields, pleaded guilty to two charges of robbery in the third degree and was sentenced to 10 years' imprisonment on each conviction, with the sentences to be served consecutively. The appellant raises three issues as to which he reserved the right to appeal before entering his guilty pleas.
 I
The appellant contends that the trial court arbitrarily denied his application for youthful offender status. He claims that the judge considered only the nature of the charged offenses and ignored other factors.
 "A trial judge may not deny a request for youthful offender treatment without some examination or investigation of the defendant; he may not deny that status solely and only upon a consideration of the nature of the crime charged. While a judge may deny youthful offender status because of the nature of the particular crime committed, he may not reach his decision without a consideration of other factors, namely prior convictions and the age of the defendant."
Watkins v. State, 357 So.2d 156, 160-61
(Ala.Cr.App. 1977), cert. denied, 357 So.2d 161 (Ala. 1978) (emphasis in original).
 "[T]he nature of the fact situation on which a charge is based may alone, be a sufficient reason for denying youthful offender status. For example, if a minor is charged with first degree assault for beating an elderly person nearly to death with a baseball bat, then the nature of the fact situation on which the first degree assault charge is based could be, in itself, a sufficient reason for properly denying a petition for youthful offender status, although the first degree assault charge in and of itself could not be the basis for denying that petition. . . . The Court of Criminal Appeals may have hinted at that distinction in Watkins, without saying it in those words."
Ex parte Farrell, 591 So.2d 444, 449 (Ala. 1991) (emphasis in original).
Before denying the appellant's youthful offender application, the trial judge read a "YO investigative report," R. 4, and held a hearing. He heard argument concerning the fact that the appellant had no prior record, came from a supportive family, was a college student, and was "remorseful for what he did." R. 5. He allowed the appellant to make a statement in his own behalf. The court also heard evidence that the appellant had committed three armed robberies within a *Page 1324 
twelve-day period.[1] During each robbery, the appellant threatened a motel clerk with a pistol.
The trial judge's acknowledgement that "this [is] a very difficult case," R. 8, indicates that the court considered all relevant circumstances before denying the application. " 'While an order denying a request for youthful offender treatment need not list or enumerate all the factors considered by the trial judge, it should reflect that some investigation, examination, or inquiry was had of the defendant before the request was denied.' " Wilson v. State, 563 So.2d 11, 13
(Ala.Cr.App. 1989) (quoting Watkins v. State, 357 So.2d at 161).
The trial court's denial of the application was neither arbitrary nor an abuse of discretion.
 II
The appellant's arrest was based on probable cause and the seizure of his property arose from a lawful search incident to that arrest.
Huntsville Police Officer Kevin Newey testified that he was on routine patrol in the early morning hours of January 11, 1993, when he received information concerning a robbery that had just occurred at local motel. A radio dispatch alerted Officer Newey to be on the lookout for a black male driving "a red Cavalier type vehicle with either a spoiler or a luggage rack on the trunk." R. 15.
Ten or fifteen minutes after the robbery occurred, Officer Newey spotted a vehicle matching the radio-dispatched description of the getaway vehicle within two miles of the scene of the robbery. The car was being driven by a black male.
Newey stopped the vehicle and asked the driver of the car, the appellant, for identification. At that point, Newey received more information over the radio concerning the robbery suspect. He learned that the assailant had been "armed with a small silver automatic pistol," R. 22, and had been wearing a "blue windbreaker type jacket with a yachting symbol of some sort," R. 20.
When Officer Newey saw that the appellant's jacket matched that description, he handcuffed the appellant, placed him in the patrol car, searched the appellant's vehicle, and found a pistol under the driver's seat.
 " ' "Where a law enforcement officer has received information from a credible source leading to a reasonable belief on his part that an individual has committed a felony, it is not necessary to obtain a warrant in order to effect the arrest of that person.
 " ' "A law enforcement officer may have probable cause for a warrantless arrest based on the identification or description of the suspect or his motor vehicle without knowing the identity of the person to be arrested. The arresting officer may base his arrest on an official description of the suspect or his motor vehicle as where he receives information from a police radio bulletin or report describing the person or vehicle." ' "
Glasco v. State, 513 So.2d 54, 60 (Ala.Cr.App.), cert. denied, 513 So.2d 61 (Ala. 1987) (quoting Traylor v.State, 439 So.2d 178, 18182 (Ala.Cr.App. 1983) (citations omitted).
The appellant was spotted ten or fifteen minutes after a robbery in the vicinity of the crime scene. He was driving a vehicle and wearing clothes that matched the description given by the robbery victim to the police immediately after the offense. Based on those circumstances, Officer Newey clearly had reasonable grounds to believe that the appellant had committed a felony. See Manning v. State,568 So.2d 327, 329 (Ala.Cr.App. 1990); Dixon v. State,588 So.2d 903, 906-07 (Ala. 1991), cert. denied, ___ U.S. ___,112 S.Ct. 904, 116 L.Ed.2d 805 (1992).
"If a warrantless arrest is based on probable cause, and is thus lawful, any evidence seized incident to that arrest can be admitted into evidence. State v. Calhoun,502 So.2d 795 (Ala.Cr.App.), aff'd in part, rev'd on other *Page 1325 
grounds, 502 So.2d 808 (Ala. 1986)." Manning v. State, 568 So.2d at 329.
The trial court committed no error in overruling the motion to suppress the evidence seized from the appellant's vehicle.
 III
After he was arrested and informed of his Miranda
rights,[2] the appellant gave a statement to Investigator Chuck Crabtree admitting that he had robbed the clerk at the Executive Lodge Motel on January 11, 1993. In response to further interrogation by Investigator Howard Turner four hours later, the appellant also confessed to committing robberies at LaQuinta Inn and Hampton Inn.
The appellant argues that his statements were involuntary because Investigator Chuck Crabtree showed him surveillance camera photographs taken during the robberies of LaQuinta Inn and the Hampton Inn and stated, "We know you did these other robberies, so if you go on ahead and confess, I'll just charge you with one robbery." R. 77.
Investigator Crabtree generally denied offering the appellant any inducement to confess and specifically denied questioning the appellant about the LaQuinta Inn and the Hampton Inn robberies, encouraging the appellant to confess to those robberies, or even mentioning those robberies to the appellant.
Officer Kevin Newey testified that he was present during part of Investigator Crabtree's interrogation of the appellant. Newey testified that Crabtree "mentioned some other robberies" to the appellant and may have questioned the appellant about "other robberies." R. 47. However, he did not recall whether Crabtree made any comment about charging or not charging the appellant with "other robberies."
Investigator Howard Turner testified that when he learned that the appellant had been arrested for and questioned about the Executive Lodge robbery by Investigator Crabtree, he asked Crabtree whether Crabtree had interrogated the appellant about the robberies at the LaQuinta and Hampton Inns. Crabtree told Turner that he had not questioned the appellant about those robberies. Turner then read the appellant his Miranda
rights, obtained a waiver, and showed the appellant surveillance camera photographs of the LaQuinta Inn and the Hampton Inn robberies, after which the appellant admitted that he was the subject in those photographs.
Officer Newey's testimony may have cast some doubt upon the accuracy of Investigator Crabtree's testimony that he never mentioned any "other robberies" to the appellant, but it was not sufficient, in light of all the testimony, to undermine the trial court's finding that the appellant's statement was voluntary. Compare Dixon v. State, 588 So.2d 903
(Ala. 1991) (wherein the Alabama Supreme Court reversed this Court's holding in Dixon v. State, 588 So.2d 891, 902
(Ala.Cr.App. 1990), that the accused's confession was not shown to be voluntary when the accused testified that one officer offered him an inducement to confess, that officer denied offering the inducement, but the testimony of another officer supported the accused's version of what occurred), cert. denied, ____ U.S. ___, 112 S.Ct. 904, 116 L.Ed.2d 805 (1992).
 " ' "Where the evidence of voluntariness is conflicting, and even where there is credible testimony to the contrary, the trial judge's finding of voluntariness must be upheld unless palpably contrary to the weight of the evidence." ' "
Dixon v. State, 588 So.2d at 908. The trial court's ruling on the motion to suppress the appellant's statement was not "manifestly contrary to the great weight of the evidence."Ex parte Matthews, 601 So.2d 52, 54-55 (Ala.), cert. denied, ___ U.S. ___, 112 S.Ct. 2996, 120 L.Ed.2d 872 (1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] The appellant was charged with three robberies. As part of the plea agreement, the State nolprossed one of the charges.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966). *Page 1326