The appellant was convicted of robbery in the first degree and sentenced to life imprisonment without parole pursuant to the Alabama Habitual Felony Offenders' Act.
Deborah Langley, an employee at Discount Food Mart, testified that at approximately midnight, on October 16, 1986, she observed three black males enter the store. She testified that she observed the males at the cigarette counter, pulling cartons of cigarettes out of the holders and putting them in bags. She testified that two of the men ran down an aisle and out of the front door. She then hurried to the front door and met the third man, whom she identified at trial as the appellant, and blocked his exit. She testified that she was holding a billy-club in her hand. He then pulled a knife from his pocket or behind him, whereupon she struck him over the head. After she hit him, he ran out the door and she followed. He turned around and lunged at her with the knife. She attempted to knock the knife out of his hand with her billy-club, but he ran around the building. She testified that the appellant was carrying a bag containing cartons of cigarettes when he left. Between 30 and 35 cartons of cigarettes, valued at approximately $10 per carton, were taken. The police were called to the scene and given descriptions by Deborah Langley. Officer Mark Hudson, of the Huntsville Police Department, testified that he arrived at the scene and took the description from the victim. He further testified that 33 cartons of cigarettes, which had been taken from the Discount Food Mart, were recovered from a 1976 blue Chevrolet Malibu which was stopped approximately two minutes after the robbery. The vehicle was located two or three blocks from the store. Three black males, none of whom was the appellant, were found in the automobile, as well *Page 196 
as the empty sheath to a skinning knife. The vehicle belonged to the appellant's mother. Officer Hudson further testified that, after speaking to the three males in the vehicle, the police began to look for another subject, allegedly involved in the incident, nicknamed "J.R." He then constructed a photographic lineup, containing six photographs, which he showed to the victim and she identified the appellant as the robber with the knife.
 I
The appellant argues that the trial court erred in allowing the State to peremptorily strike the only black juror from the venire. The record indicates that a motion was held in which the defense counsel argued that the appellant was denied his constitutional rights because of the prosecutor's striking of the only black from the venire. The trial court then requested the prosecutor to give her reason for the strike. The prosecutor argued that her reason was not for the purpose of discrimination but because the potential juror had a criminal record and stated that he knew the appellant. The prosecutor further indicated that the crime, of which the juror had been convicted, was driving under the influence. She claimed that based upon the appellant's "assertion that he had consumed alcoholic beverages and drugs on the night in question and on the night that he was questioned by the officers at the Huntsville Police Department, that this would in fact become an issue." The defense counsel then requested further opportunity to voir dire each juror to determine whether they had any misdemeanor convictions and also to further individually voir dire the black juror to determine whether he knew the appellant. The defense counsel was allowed to individually voir dire the black potential juror, who testified that, although he did not personally know the defendant, he had seen him around, possibly socially. He further admitted having been convicted of driving under the influence. The trial court determined that the prosecutor's reasons were sufficient to overcome the appellant's objection under the Batson rule.
We find no error in the trial court's determination. The prosecutor's explanation that she struck the juror because of his conviction for driving under the influence, because in this case intoxication would apparently play a key role in the defense, was a proper race-neutral strike. The prosecutor's reasons were not merely whimsical or fanciful and the " 'prosecutor [has] articulate[d] a neutral explanationrelated to the particular case to be tried.' (Emphasis added.)Batson [v. Kentucky], 476 U.S. [79] at 98, 106 S.Ct. [1712] at 1723 [90 L.Ed.2d 69]." Ex parte Branch, 526 So.2d 609, 621
(Ala. 1987). The trial court properly ruled that the State provided sufficient race-neutral reasons for its peremptory strike.
 II
The appellant argues that the trial court erred by failing to charge the jury on the lesser-included offenses of robbery in the second degree, robbery in the third degree, theft in the first degree, theft in the second degree, and theft in the third degree. Initially we note that, because there was evidence that between 30 and 35 cartons of cigarettes, valued at approximately $10 per carton, were stolen, theft in the first and third degree are clearly inapplicable.[1] No evidence disputing the value of the stolen merchandise was introduced.
The appellant was charged with robbery in the first degree which is defined by § 13A-8-41, Code of Alabama (1975), which states:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43
and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another." *Page 197 
By its language, this section incorporates the crime of robbery in the third degree, as defined by § 13A-8-43, which states:
 "(a) A person commits the crime or robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
A person commits the crime of robbery in the second degree "if he violates section 13A-8-43 and he is aided by another person actually present." § 13A-8-42. Theft of property in the second degree is defined by § 13A-8-4 as the "theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value and which is not taken from the person of another."
The evidence was uncontroverted that a knife was used in the course of the robbery and the appellant's main line of defense was to contest the State's witnesses on identification. Because the evidence was undisputed that one of the robbers was armed with a knife, this crime constituted robbery in the first degree and nothing less. Ex parte Curry, 471 So.2d 476, 478
(Ala. 1984). In Ex parte Curry, the Alabama Supreme Court stated:
 "In this case, the State presented evidence from the two employees, who testified that one of the men who entered the restaurant was carrying a gun. The presence of a gun elevates third degree robbery to first degree robbery. We, therefore, agree with the Court of Criminal Appeals that the only issue was one of identity and, accordingly, the trial court did not err in failing to give the lesser-included offense charged."
Id. at 478.
For the same reason, the trial court properly refused to give the lesser-included offense charge of theft in the second degree. Robbery includes the crime of theft, by its definition, "plus the element of force or threat of force." Ramsey v.State, 441 So.2d 1065, 1067 (Ala.Cr.App. 1983). Again, because it is undisputed that one of the robbers was armed with a knife and lunged at Deborah Langley, the offense is robbery in the first degree. The trial court properly refused to give the lesser-included offense instructions.
 III
The appellant argues that the trial court erred by charging the jury on accomplice law because the appellant was allegedly denied due process as he was not notified of the "separate" accomplice charge. Apparently, the appellant is alleging that the trial court charged him with an offense for which he had not been indicted, by charging the jury on the complicity statute, § 13A-2-23, Code of Alabama (1975). However, "one indicted as the actual perpetrator of a crime may be convicted of such upon proof of a conspiracy although not charged with such." Kindrick v. State, 377 So.2d 1112, 1114
(Ala.Cr.App. 1979), writ denied, 377 So.2d 1114 (Ala. 1979), citing Stokley v. State, 254 Ala. 534, 541, 49 So.2d 284
(1951); Watkins v. State, 357 So.2d 156 (Ala.Cr.App.), cert. denied, 357 So.2d 161 (Ala. 1978).
Moreover, although the trial court charged on the law of complicity with regard to the number of cartons of cigarettes taken by the appellant, "there is no requirement, under Alabama law, that the State prove that an actual 'taking' of property occurred" and, furthermore, the value of the property is immaterial. McClain v. State, 480 So.2d 20, 22-23
(Ala.Cr.App. 1985).
An aid or and abettor may be punished the same as a principal,Kendrick v. State, supra, and because the evidence showed that the appellant participated with other individuals in a theft, while he was armed with a knife, there is no error in the trial court's charge.
 IV
The appellant argues that the trial court committed error by allowing into evidence *Page 198 
photographs of the cigarette cartons[2] recovered by the police immediately following the robbery. The appellant contends that, because he was not found near the car containing the cigarettes and because he was not apprehended near the store, the 30 to 35 cartons of cigarettes were never connected to him and evidence of them should not have been admitted into evidence. The appellant also argues that because there was no proof that he took any of the particular cartons found in the car, they should not have been admitted.
"Where several persons participate in a robbery, it is immaterial which one takes the property." Johnson v. State,57 Ala. App. 470, 329 So.2d 160, 165 (1976). "[C]ommunity of purpose may be shown by circumstantial evidence or inferred from the conduct of the participants (citation omitted). Such facts as the defendant's presence in connection with his companionship, his conduct, at, before, and after the commission of the act, are potent circumstances from which participation may be inferred." Sanders v. State,423 So.2d 348, 351 (Ala.Cr.App. 1982). In the present case, one of the store's employees testified that she observed the three men walk in together and, although they took alternate routes, they gathered around the cigarette cartons and began placing them in bags. A community of purpose can be inferred from these circumstances. It is immaterial that the cigarette cartons were found in the car with the other perpetrators, because the eyewitness's identification of the appellant as one of the perpetrators was sufficient to connect him with the offense.
AFFIRMED.
All Judges concur.
[1] Theft in the first degree requires property which exceeds $1000 in value and theft in the third degree consists of property which does not exceed $100 in value. §§ 13A-8-3 and13A-8-5, Code of Alabama (1975).
[2] Although the appellant argues that the cigarette cartons should not have been admitted into evidence, the record indicates that the cartons were never admitted into evidence, but photographs of them were.