The appellant, Preston N. Harris, was convicted of driving while under the influence of alcohol, was fined $1,000, and was sentenced to 60 days in the city jail. On this appeal from that conviction, we address only one of the six issues raised.
The appellant's conviction must be reversed because of a violation of the principles of Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parteBranch, 526 So.2d 609 (Ala. 1987).
There were 11 black members on the 23-member jury venire. The prosecution used four of its five peremptory strikes to remove blacks from the venire. "We follow the rule that, when the prosecution's explanations for its strikes are of record, we will review the trial court's findings of discriminationvel non, even though there has been no express finding by the trial court that a prima facie case [of racial discrimination] has been established." Williams v.State, 548 So.2d 501, 504 (Ala.Cr.App. 1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989).
Two blacks were removed because they or a member of their family had a prior conviction for DUI. Strikes based on past criminal conduct are race-neutral. "Connection with or founded suspicion of criminal activity can also constitute a sufficiently race-neutral reason for the exercise of a peremptory challenge. . . . This connection with or suspicion of criminal activity includes not only the juror in question, but also relatives and close friends of the juror."Stephens v. State, 580 So.2d 11, 19 (Ala.Cr.App. 1990), affirmed, 580 So.2d 26 (Ala.), cert. denied, ___ U.S. ___, 112 S.Ct. 176, 116 L.Ed.2d 138 (1991). "In a prosecution for DUI, and without some evidence to the contrary, we find that the exercise of a peremptory strike to remove a black veniremember because that person has had a friend or family member stopped or arrested for DUI constitutes a strike based upon a racially-neutral reason." Fearn v. City ofHuntsville, 568 So.2d 349, 351 (Ala.Cr.App. 1990).
A third black veniremember was struck "based on his address. He lives about two blocks from the defendant." R. 30. A fourth black was struck "because of his age." R. 30. The prosecutor offered no additional explanation or reason for either strike.
The strikes based on the veniremember's address and age are not acceptable as race-neutral reasons. Neither veniremember responded to any questions on voir dire and no question was specifically addressed to either. In Ex parte Bird,594 So.2d 676, 682-83 (Ala. 1991), the Alabama Supreme Court stated:
 "The bare allegation that a veniremember lives in a 'high crime' area is also constitutionally deficient. Williams v. State, 548 So.2d 501, 506 (Ala.Crim.App. 1988). Not only do such allegations fail to demonstrate any relevance to the particular case sub judice, but, were they given credence, they could well serve as 'convenient talisman[s] transforming Batson's protection against racial discrimination in jury selection into an illusion and the Batson hearing into an empty ceremony.' C.E.J. v. State, 788 S.W.2d 849, 857 (Tex.Ct.App. 1990). Also, this excuse might all too frequently serve to eliminate from jury service those individuals living at the lower end of the socioeconomic scale.
 "There was no showing, nor does it logically appear, why this particular veniremember would be less inclined toward the prosecution simply because she lived on Clanton Avenue. Thus [the *Page 504 
prosecutor's] perfunctory remarks regarding the residence of veniremember number 26 fail to set forth an acceptable race-neutral justification for this challenge.
 "Although age was not cited as a specific rationale for striking this particular veniremember, we realize that in certain cases age may serve as a legitimate racially neutral reason for a peremptory strike. See Harrell [v. State], 555 So.2d [263,] at 268 n. 1 [(Ala. 1989)]. However, the age rationale is highly suspect because of its inherent susceptibility to abuse. Batson, 476 U.S. at 106, 106 S.Ct. at 1728 (Marshall, J., concurring) ('[a]ny prosecutor can easily' ground a challenge upon an allegation that a 'juror had a son about the same age as the defendant'). A mere summary declaration that age was a factor in the decision to strike is, therefore, constitutionally deficient and warrants reversal. Owens v. State, 531 So.2d 22, 26 (Ala.Crim.App. 1987).
 "Finally, the failure of the State to engage in any meaningful voir dire on a subject of alleged concern is evidence that the explanation is a sham and a pretext for discrimination."
The judgment of the circuit court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.