The appellant, Donnell McGee, was convicted of the unlawful distribution of a controlled substance, cocaine, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to seven years, which was enhanced by five additional years pursuant to § 13A-12-250, Code of Alabama 1975, because the sale occurred within three miles of a school.
The state's evidence tended to show that on March 14, 1991, Officer James Taggart, Jr., of the Tuscaloosa Sheriff's Department, was working undercover as a narcotics agent in Dothan, Alabama. He was in a van with a confidential informant driving around West North Street when a man on a bicycle, later identified as Robert Gene Russaw, approached him about buying some crack cocaine. Taggart and Russaw agreed on a $30 purchase price for some cocaine and then Russaw crossed the street on his bicycle and approached a person, later identified as the appellant, on the other side of the road. The appellant handed Russaw some cocaine and Russaw then came back over to Taggart and handed him the cocaine. Taggart then gave Russaw the money for the cocaine and Russaw went back across the street and handed the money to the appellant.
 I
The appellant initially argues that there was insufficient evidence to find him guilty of unlawful distribution of a controlled substance. The appellant was indicted under §13A-12-211, Code of Alabama 1975. This section states in pertinent part:
 "A person commits the crime of unlawful distribution of controlled substances if . . . he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance. . . ."
If an individual participated in the sale of a controlled substance then he may be found guilty of distributing a controlled substance. Haywood v. State, 562 So.2d 297
(Ala.Cr.App. 1990). To "furnish" as that term is used in the above-quoted statute means to "supply by any means, by sale or otherwise. . . ." Mathis v. State, 594 So.2d 695
(Ala.Cr.App. 1991).
When this court reviews an issue concerning the sufficiency of the evidence, we must view the evidence in the light most favorable to the state. Colvette v. State,568 So.2d 319 (Ala.Cr.App. 1990). The evidence presented a jury question as to the appellant's guilt. Any evidence concerning the officer's ability to view the transaction as he stated at trial was a question concerning the credibility of the evidence and was correctly left to the jury's consideration.
 II
The appellant further argues that the trial court incorrectly charged the jury on the issue of complicity. Specifically, the appellant argues that because "complicity" *Page 346 
was not charged in the indictment and because "it is not a lesser included offense" of distributing a controlled substance the court should not have given the charge. Further, the appellant argues that by giving a charge on complicity, he was denied his due process rights as guaranteed by the United States Constitution because, he says, he was given no notice of a charge concerning "complicity."
As the state correctly argues in its brief, this same issue was addressed by this court in Hyter v. State,545 So.2d 194 (Ala.Cr.App. 1988). Judge McMillan writing for this court in Hyter, stated:
 "The appellant argues that the trial court erred by charging the jury on accomplice law because the appellant was allegedly denied due process as he was not notified of the 'separate' accomplice charge. Apparently, the appellant is alleging that the trial court charged him with an offense for which he had not been indicted, by charging the jury on the complicity statute, § 13-2-23, Code of Alabama (1975). However, 'one indicted as the actual perpetrator of a crime may be convicted of such upon proof of a conspiracy although not charged with such.' Kendrick v. State, 377 So.2d 1112, 1114 (Ala.Cr.App. 1979), writ denied, 377 So.2d 1114 (Ala. 1979), citing Stoley v. State, 254 Ala. 534, 541, 49 So.2d 284 (1951); Watkins v. State, 357 So.2d 156 (Ala.Cr.App.), cert. denied, 357 So.2d 161 (Ala. 1978)."
545 So.2d at 197. The appellant was not denied his due process rights by the court's instruction on complicity.
The appellant also contends that it was error for the trial court not to instruct the jury on the exceptions to the complicity statute. However, this specific objection was not brought to the attention of the trial court. The only objection concerning complicity was that the court should not have given the instruction. Nothing further was said. Specific grounds for objections waive all others not specified. Rika v.State, 587 So.2d 1054 (Ala.Cr.App. 1991). Thus, this issue is not correctly preserved for appellate consideration.
 III
Last, it has come to our attention that the appellant was incorrectly sentenced. The state contends that this case should be remanded to the Circuit Court for Houston County because there was evidence presented at trial that the sale of the controlled substance occurred within a three-mile radius of a housing project and therefore the appellant's sentence should be further enhanced under § 13A-12-270, Code of Alabama 1975.
The record shows that the appellant was sentenced to seven years which was enhanced an additional five years because the sale occurred within three miles a school. § 13A-12-250, Code of Alabama 1975. The state maintains that because both §§ 13A-12-250 and -270 state that "[i]n addition to any penalties heretofore or hereafter provided by law . . .," the appellant's sentence should have been enhanced an additional five years under each statute. We agree with the state's interpretation of these Code sections. Section 13A-12-250
states:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
(Emphasis added.)
Section 13A-12-270 states:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was within a three-mile *Page 347 
radius of a public housing project owned by a housing authority."
(Emphasis added.)
"[W]e believe that the legislature clearly intended to protect these areas . . . from the evils associated with drug activities," Qualls v. State, 555 So.2d 1158, 1165
(Ala.Cr.App. 1989), and to provide for more severe sentences to those individuals who sell illegal drugs near schools and housing projects. This cause is therefore remanded to the Circuit Court for Houston County with directions that the court resentence the appellant, enhancing his sentence by an additional five years pursuant to § 13A-12-270, Code of Alabama 1975. Due return should be filed with this court no later than 30 days after the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.