TAYLOR, Judge.
The appellant, Bobby Terrell Fuller, was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama *1137 1975. He was sentenced to 40 years in prison.
The appellant’s only contention on appeal is that the trial court erred in denying his Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), objection. In Batson, the United States Supreme Court held that the state may not strike black veniremembers from serving on the jury for a black defendant’s trial based solely on their race. This principle was extended in Powers v. Ohio, — U.S. —, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), to white defendants. When the appellant objected, the court required the state to explain its reasons for exercising its peremptory strikes to remove black persons of the jury venire.
The prosecutor gave the following reasons for striking prospective jurors:
Juror number 1 — Her father-in-law had served 18 years in prison for rape.
Juror number 9 — Had seven prior D.U.I. convictions.
Juror number 28 — Had a prior third degree assault conviction.
Juror number 43 — Her brother had just been released from prison after serving time on “several” convictions.
Juror number 45 — Had a prior conviction for possession of marijuana.
All of the reasons given by the state were valid race-neutral reasons. Yelder v. State, [Ms. 3 Div. 212, October 11, 1991], 1991 WL 238088 (Ala.Cr.App.1991). See Powell v. State, 548 So.2d 590, 592 (Ala.Cr.App.1988), aff’d, 548 So.2d 605 (Ala.1989) (fact that family member was charged with a crime is valid race-neutral reason); Hyter v. State, 545 So.2d 194, 196 (Ala.Cr.App.1988) (prior D.U.I. convictions valid race-neutral reason); Pollard v. State, 549 So.2d 593 (Ala.Cr.App.1989) (prior criminal convictions held to be race-neutral reason); Powell, 548 So.2d at 592 (possession-of-marijuana conviction valid race-neutral reason).
No Batson violation occurred here. The trial court’s actions in not quashing the jury venire were correct. For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.