The appellant, Harry Moody, was convicted of possessing a controlled substance, cocaine, in violation of § 13A-12-212, Code of Alabama 1975. He was sentenced under the Habitual Felony Offender Act to 10 years in prison.
 I
The appellant initially contends that the trial court erred in failing to grant his motion for a judgment of acquittal at the end of the state's case. The appellant asserts that there was no evidence presented that he possessed the cocaine.
Possession of a controlled substance may be actual, i.e., on the person, or constructive, i.e., not on the person.Borden v. State, 523 So.2d 508 (Ala.Cr.App. 1987). Constructive possession arises in situations where the drugs are found on premises "owned or occupied" by the defendant. Borden.
In order to prove constructive possession the state must show that the appellant had knowledge of the illegal substance.Bragg v. State, 536 So.2d 965 (Ala.Cr.App. 1988). Knowledge may be proven by the "surrounding facts and circumstances."Franklin v. State, 437 So.2d 609, 611 (Ala.Cr.App. 1983). " 'When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, the issue of the defendant's possession should be submitted to the jury.' " Bacot v. State,597 So.2d 754 (Ala.Cr.App. 1992), quoting Desimer v. State, 535 So.2d 238,240 (Ala.Cr.App. 1988).
The state's evidence tended to show that police executed a search warrant on the appellant's house on August 3, 1991. A search of the residence uncovered $6,900 in cash and approximately 100 "rocks" of crack cocaine. At the time of the search four people, including the appellant, were in the house. Three women, Michelle Love, Waiferine Jackson, and Thelma Gaitor, were in two of the bedrooms and lived in the house. A fifth person, Richard Harris, was seen running out the back door when the police arrived. Harris was later arrested. The cocaine and a majority of the money was found in a room occupied by Michelle Love and Richard Harris. This room was next to the living area where the appellant and the appellant's girlfriend had slept the night before. Detective Rodney Heritage, of the Demopolis Police Department, questioned the appellant after reading to him his rights pursuant toMiranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1986). The appellant told Heritage that he knew Harris was selling drugs but that he had told Harris not to sell them in his house.
Thelma Gaitor testified at trial that during the time she lived in the house, drugs were sold from the residence. She also stated that the appellant had been present in the house many times when people had purchased drugs and that the appellant had also been present when the drug-selling business had been discussed.
Whether the appellant himself was the person who actually possessed the cocaine is not determinative of guilt of possession of cocaine in Alabama. For a similar case, seeMcGee v. State, 607 So.2d 344 (Ala.Cr.App. 1992). In Alabama there is no difference in punishment for a person who actually commits the crime and a person who aids and abets in the commission of the crime.
 "The general rule in Alabama is that '[a]n aider or abettor in the commission of a felony must be tried as a principal. Code of Alabama (1975), § 13-9-1.' Wright v. State, 494 So.2d 936, 937
(Ala.Cr.App. 1986); Magro v. State, 384 So.2d 871
(Ala.Cr.App.), cert. denied, 384 So.2d *Page 128 
 875 (Ala. 1980). The words 'aid and abet' encompass all assistance by acts, words of encouragement, or support, or presence, actual or constructive, to render assistance should it become necessary. Wright, supra; Sanders v. State, 423 So.2d 348
(Ala.Cr.App. 1982). Actual participation in the crime need not be proved by positive testimony to convict someone of aiding and abetting. 'The jury is to determine whether the appellant's participation exists and the extent of it from the conduct of the parties and all the testimony presented.' "
Henry v. State, 555 So.2d 768, 769 (Ala.Cr.App. 1989).
There was evidence presented that the appellant had knowledge of the cocaine. There was sufficient evidence to present the case to the jury for its determination.
 II
The appellant next argues that the trial court erred in charging the jury on the law regarding complicity when he was not notified of this charge. This court recently readdressed this issue in McGee, supra, and stated:
 " 'The appellant argues that the trial court erred by charging the jury on accomplice law because the appellant was allegedly denied due process as he was not notified of the "separate" accomplice charge. Apparently, the appellant is alleging that the trial court charged him with an offense for which he had not been indicted, by charging the jury on the complicity statute, § 13A-2-23, Code of Alabama (1975). However, "one indicted as the actual perpetrator of a crime may be convicted of such upon proof of a conspiracy although not charged with such." Kendrick v. State, 377 So.2d 1112, 1114 (Ala.Cr.App. 1979), writ denied, 377 So.2d 1114 (Ala. 1979), citing Stoley v. State, 254 Ala. 534, 541, 49 So.2d 284 (1951); Watkins v. State, 357 So.2d 156 (Ala.Cr.App.), cert. denied, 357 So.2d 161 (Ala. 1978).' "
607 So.2d at 346; quoting Hyter v. State, 545 So.2d 194, 197
(Ala.Cr.App. 1988). The trial court committed no error in instructing the jury on complicity.
The appellant also asserts that the trial court erred in not giving his requested charge on the use of his prior convictions that were presented during his testimony. The appellant maintains that the trial court did not instruct the jury that his prior convictions could not be used in determining his guilt in the present case. However, the requested charge failed to state for what purpose the prior convictions would be admissible. Thus, the requested charge was an incomplete statement of the law and was correctly denied. Allen v. State,414 So.2d 989 (Ala.Cr.App. 1981), aff'd, 414 So.2d 993
(Ala. 1982); Hope v. State, 390 So.2d 1077 (Ala.Cr.App.), cert. denied, 390 So.2d 1083 (Ala. 1980); Bascom v. State,344 So.2d 218 (Ala.Cr.App. 1977).
Furthermore, the trial court instructed the jury that the purpose for introducing the appellant's prior convictions was to "impeach his testimony to determine whether or not he is telling the truth at the time he testified." No error occurred here.
The appellant further argues that the trial court erred in not giving two of his requested jury instructions. The appellant's only grounds for his objection to the court's failure to give those requested jury instructions was that they were correct statements of the law.
Rule 21.2, A.R.Crim.P., states that before an appellant can question the denial of a requested jury instruction he must object and state the grounds of his objection. As this court recently stated in Hagood v. State, 588 So.2d 526
(Ala.Cr.App. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1943,118 L.Ed.2d 548 (1992):
 "It is the appellant's burden to '. . . advise the trial judge of his objections to the jury charge, stating his grounds, before the jury retires.' Cox v. State, 500 So.2d 1296, 1299
(Ala.Cr.App. 1986). 'The objection must be specific enough to point out the alleged error so as to allow the judge to correct the error.' Biddie v. State, 516 So.2d 846 (Ala.Cr.App. 1987). . . . 'The reference to "all of" his written charges as "correct statements *Page 129 
 of the law" is simply not a specific ground of objection. . . .' Connolly v. State, 539 So.2d 436, 438 (Ala.Cr.App. 1988)."
588 So.2d at 533. Thus, the appellant's failure to give specific grounds for his objection has not preserved for appellate review the denial of his requested jury instructions.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.