TAYLOR, Judge.
The appellant, Borris Lamar Pride, was convicted in the murder of Patrick Clayton in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life in prison.
The state’s evidence tended to show that the appellant went to his sister’s apartment at 147-B Mason Court in Huntsville, Alabama, in the early morning hours of July 17, 1992. After his arrival, an argument broke out between the victim and the appellant’s sister, Sabrina Pride. The appellant told the victim to leave the premises. An eyewitness to the shooting testified that the appellant fired several shots as the victim was walking away from the apartment. The victim died as a result of the shooting.
I
The appellant initially contends that the circuit court erred in denying his motion based on the United States Supreme Court’s holding in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[1] The Batson Court held that black jury venire-members could not be struck from a black defendant’s jury because of their race. 476 U.S. at 89, 106 S.Ct. at 1719. In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Court extended its decision in Batson to apply also to white defendants. Batson was further extended to apply to civil eases in Edmondson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The United States Supreme Court in Georgia v. McCollum, — U.S. -, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), held that Batson was also applicable to defense counsel in criminal trials. See Lemley v. State, 599 So.2d 64 (Ala.Cr.App.1992). Recently the Alabama Supreme Court held that the protections of Batson apply to the striking of white prospective jurors. White Consolidated Industries, Inc. v. American Liberty Insurance Co., 617 So.2d 657 (Ala.1993).
In this case, there were only two black members on the venire from which the appellant’s jury was selected. The record shows that the prosecutor used one of his peremptory strikes to remove one of the blacks and that defense counsel removed the other black from the jury. After the appellant made his Batson motion, the trial court asked the state to give its reason for striking the black veniremember. The state offered the following reason:
“[Prosecutor]: In our office, we are provided with a complete list of everyone that’s been summonsed for jury duty, and the people in our office check our records to see who’s had prior jury service and also who has had prior encounters with the law. This morning before the members of the jury were introduced and before I knew who was black and who was white, I had made my first list of four people that I intended to strike, those numbers being No. 19 [the black veniremember], No. 25, No. 29, and No. 36.
“Number 19, he had failed to appear and got a two-day sentence over an improper equipment deal in 1988, and then also that was in February 1988, which makes you wonder about the failure to appear about your attitude towards being responsible. But the most serious thing was he had a theft, second, charge which was reduced to theft, third, of which he was convicted in June 1988.
[[Image here]]
“The Court: All right, I think the Batson objection made by defense counsel will be overruled on that basis. I don’t believe *50 there has been purposeful exclusion of the black jurors by the state.”
(Emphasis added.)
When explaining the basis for its peremptory strikes, the prosecution must for each strike offer a clear, specific, and legitimate race-neutral reason that is related to the particular case. Batson, 476 U.S. at 98, 106 S.Ct. at 1724. In this case, the prosecutor stated that he used a peremptory strike to remove one black from the jury because that prospective juror had a previous conviction. Strikes based on previous criminal charges, prosecutions, or convictions have been held to be race-neutral. Thomas v. State, 611 So.2d 416 (Ala.Cr.App.), cert. denied, 611 So.2d 420 (Ala.1992); Whittlesey v. State, 586 So.2d 31 (Ala.Cr.App.1991); Jackson v. State, 549 So.2d 616 (Ala.Cr.App.1989).
There was no Batson violation here.
II
The appellant also contends that the trial court erred in refusing to give numerous written requested charges.
Defense counsel specifically objected to the trial court’s refusal to give his requested charge on criminally negligent homicide as a lesser included offense to murder. However, there was no error in the court’s refusing to give an instruction on criminally negligent homicide.
“An instruction on criminally negligent homicide is proper only where the victim’s death was caused by the inadvertent creation and subsequent disregard of a risk of harm of which he should have been aware, but which in fact he was not aware of.”
DeRamus v. State, 565 So.2d 1167, 1170 (Ala.Cr.App.1990), quoting Wiggins v. State, 491 So.2d 1046, 1048 (Ala.Cr.App.1986). There must be some evidence that the defendant was not aware of the risk he was creating to warrant an instruction on criminally negligent homicide. Lovell v. State, 521 So.2d 1346 (Ala.Cr.App.1987). No such evidence was presented here.
The appellant testified that when he shot the victim he merely “reacted to [the victim’s] reaction.” The appellant stated that the victim had pulled his shirt up and began to turn toward him. He testified that he thought he was protecting himself and his family, who were near the scene, when he began shooting. However,
“ ‘One who intentionally draws a gun in response to or in anticipation of a confrontation with another is certainly aware of the risk that the gun might discharge; therefore, he cannot be guilty of mere criminal negligence. Appellant was guilty of either murder or manslaughter or nothing at all.’”
Lovell v. State, 521 So.2d 1346, 1351 (Ala.Cr.App.1987), quoting Robinson v. State, 441 So.2d 1045, 1047 (Ala.Cr.App.1983). “A claim of self-defense does not reduce a charge of murder or manslaughter to criminally negligent homicide.” Lovell, 521 So.2d at 1352. It was not error for the trial court to refuse to give an instruction on criminally negligent homicide.
The appellant also had submitted other written requested charges that the trial judge refused to give. The appellant’s counsel objected to the court’s refusal to give those charges merely by restating the charge or by stating that the charge was a correct statement of law. These objections were not sufficiently specific to preserve this issue for our review.
Rule 21.2, A.R.Crim.P., states:
“No party may assign as error the court’s giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
As this court recently stated:
“ ‘It is the appellant’s burden to “... advise the trial judge of his objections to the jury charge, stating his grounds, before the jury retires.” Cox v. State, 500 So.2d 1296, 1299 (Ala.Cr.App.1986). “The objection must be specific enough to point out the alleged error so as to allow the judge to correct the error.” Biddie v. State, 516 So.2d 846 (Ala.Cr.App.1987).. *51 “The reference to ‘all of his written charges as ‘correct statements of the law is simply not a specific ground of objection. ...” Connolly v. State, 539 So.2d 436, 438 (Ala.Cr.App.1988).’ ”
Moody v. State, 615 So.2d 126, 128 (Ala.Cr.App.1992), quoting Hagood v. State, 588 So.2d 526 (Ala.Cr.App.1991), cert. denied, — U.S. -, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). See also Jones v. State, 591 So.2d 569 (Ala.Cr.App.1991). Because no specific grounds were given for each objection, this issue was not preserved for our review.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.

. Although a portion of the appellant’s argument is couched in terms of the fair cross section requirement of the Sixth Amendment to the Constitution of the United States and the standards as set forth in Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), he made no motion at trial asserting a violation of the fair cross section requirement and his only argument concerned a Batson violation.