ON APPLICATION FOR REHEARING
This court's opinion of March 25, 1994, is withdrawn and the following is substituted therefor.
The appellant, Isaiah Knight, was convicted of murder. §13A-6-2, Code of Alabama 1975. He was sentenced to life in prison.
The state's evidence tended to show that on the night of March 27, 1992, the victim was stabbed to death with a knife while sitting in his car outside the Casanova Club in Dothan, Alabama. According to eyewitness testimony, the appellant and the victim had argued outside the club and the argument ended when the appellant forced his way into the victim's car and stabbed the victim to death.
 I
The appellant contends that the trial court erred by receiving into evidence statements made by a witness that, he says, violated the hearsay rule.
The appellant specifically contends that Roseanne Bryant's testimony regarding the actions and the conversations between the victim and the appellant on the night of the murder were inadmissible hearsay and, that therefore, they should not have been received into evidence.
Initially we must determine whether this issue has been preserved for our consideration. Before Bryant's testimony, defense counsel obtained a continuing objection on the ground that the witness's testimony violated the hearsay rule. However, during Bryant's direct examination, defense counsel moved to withdraw the objection to her testimony. Thus, based on counsel's own motion, this issue has not been preserved for our consideration. "[B]y withdrawing his objection, defense counsel has waived any alleged error." Blair v. State,453 So.2d 1092, 1095 (Ala.Cr.App. 1984).
Furthermore, even had the issue been preserved, we would conclude that the statements were admissible because they were part of the res gestae of the charged crime.
 II
The appellant contends that the trial court erred in instructing the jury on the elements of complicity when complicity was not charged in the indictment or included as a lesser offense of the crime charged in the indictment.
This court has reached this issue in several cases. We have stated:
 " 'The appellant argues that the trial court erred by charging the jury on accomplice law because the appellant was allegedly denied due process as he was not notified of the "separate" accomplice charge. Apparently, the appellant is alleging that the trial court charged him with an offense for which he had not been indicted, by charging the jury on the complicity statute, § 13-2-3, Code of Alabama (1975). However, "one indicted as the actual perpetrator of a crime may be convicted of such upon proof of a conspiracy although not charged with such." Kendrick v. State, 377 So.2d 1112, 1114 (Ala.Cr.App. 1979), writ denied, 377 So.2d 1114 (Ala. 1979), citing Stoley v. State, 254 Ala. 534, 541, 49 So.2d 284 (1951); Watkins v. State, 357 So.2d 156 (Ala.Cr.App.), cert. denied, 357 So.2d 161 (Ala. 1978).' "
McGee v. State, 607 So.2d 344, 346 (Ala.Cr.App. 1992), quotingHyter v. State, 545 So.2d 194, 197 (Ala.Cr.App. 1988). See alsoMoody v. State, 615 So.2d 126 (Ala.Cr.App. 1992).
The trial court did not err in charging the jury on complicity.
 III
The appellant contends that the state used its peremptory strikes in a racially discriminatory manner, violating the United States Supreme Court's holding in Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Specifically, he contends that the state was erroneously allowed to strike five black males from the jury venire.
Batson held that black jury veniremembers could not be struck from a black defendant's jury because of their race.476 U.S. at 89, 106 S.Ct. at 1719. In Powers v. Ohio, 499 U.S. 400,111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the United States Supreme Court extended Batson to white defendants. *Page 771 Batson was further extended to civil litigants in Edmondson v.Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077,114 L.Ed.2d 660 (1991). The United States Supreme Court in Georgiav. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33
(1992), held that Batson was also applicable to strikes by defense counsel in criminal trials.
The record shows that the appellant specifically made aBatson objection, citing that black males had been excluded from the venire. The court, when denying the motion, stated:
 "[I] want the record to reflect that I am specifically denying you relief on that claim, even though I find that the exclusion of five out of six black males results in a trial jury that has a lesser percentage of black males than the strike panel and a lesser population [than that] of black males in the population of Houston County as a whole.
 "And I take judicial notice of those facts for the purpose of ruling on your motion. It is because I do not know of any ruling [or] case law that makes this special subclass of black males entitled to Batson relief, and I an denying your relief on that basis."
While this case was pending on rehearing, the United States Supreme Court released J.E.B. v. State, ___ U.S. ___,114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). In J.E.B., the United States Supreme Court held that Batson extends to gender-based strikes. Justice Blackmun stated:
 "All persons, when granted the opportunity to serve on a jury, have the right not to be excluded summarily because of discriminatory and stereotypical presumptions that reflect and reinforce patterns of historical discrimination. Striking individual jurors on the assumption that they hold particular views simply because of their gender is 'practically a brand upon them, affixed by law, an assertion of their inferiority.' Strauder v. West Virginia, 100 U.S. 303, 308
[25 L.Ed. 664] (1880). It denigrates the dignity of the excluded juror, and, for a woman, reinvokes a history of exclusion from political participation. The message it sends to all those in the courtroom, and all those who may later learn of the discriminatory act, is that certain individuals, for no reason other than gender, are presumed unqualified by state actors to decide important questions upon which reasonable persons could disagree."
J.E.B., ___ U.S. at ___, 114 S.Ct. at 1428.
Based on the United States Supreme Court's holding inJ.E.B., we remand this cause to the Circuit Court for Houston County so that that court can hold a Batson hearing on the appellant's allegation that black males were struck from his jury venire in a discriminatory manner.
If the court finds that defense counsel has established a prima facie case of gender-based discrimination and that the prosecutor has no gender-neutral reasons for striking these male prospective jurors from the jury, then the appellant is entitled to a new trial based on Batson. In any event, the court shall make findings on the record concerning each strike and shall file a return with this court no later than 42 days from the date of this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; RULE 39(K) MOTION DENIED; REMANDED WITH DIRECTIONS.
All the Judges concur.