TAYLOR, Judge.
The appellants, Bobby Ray Jessie, Willie James Henry, and Gerald Demetrius Reed, were each convicted of two counts of murder, violations of § 13A-6-2, Code of Alabama 1975. They were each sentenced as habitual felony offenders to two sentences of life imprisonment, those sentences to be served concurrently.
The state’s evidence tended to show that in August 1992, the appellants drove past an apartment building in the Snug Harbor area of Prichard, Alabama, and that from the window of the automobile in which they were traveling, a shotgun was fired into a group of people gathered on a lawn. Bruce Council and Derrion Scott were struck in the head by shotgun pellets and died as a result of those injuries.
*168 The appellants contend that the circuit court erred in denying their motions based on the United States Supreme Court’s holding in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In Batson, the United States Supreme Court held that the Equal Protection Clause of the United States Constitution prohibits the removal of blacks from a black defendant’s jury solely on the basis of their race. In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Court extended its decision in Batson to apply to white defendants. Batson was further extended to apply to civil cases in Edmonson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The United States Supreme Court in Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), held that the jury selection standards of Batson were also applicable to defense counsel in criminal trials. See, also, Lemley v. State, 599 So.2d 64 (Ala.Cr.App.1992). The Alabama Supreme Court in White Consolidated Industries, Inc. v. American Liberty Insurance Co., 617 So.2d 657 (Ala.1993), further extended the protections of Batson to the striking of white veniremembers. In addition to the strikes for racial reasons, strikes based on gender have also been held to violate Batson. J.E.B. v. Alabama, — U.S. —, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994).
There were either 11 or 12 blacks on the venire (the race of one of the veniremembers could not be determined by the court). The state used 5 of its 18 strikes to remove blacks from the jury. The state also used one of its strikes to remove the veniremember whose race could not be determined.
Although the court stated that the appellants had not established a prima facie case of racial discrimination, the court nevertheless required the prosecutor to give reasons for his strikes of black veniremembers. However, when the court requires a party to give its reasons for its strikes, it must be presumed that the court did find a prima facie case of racial discrimination. Dobyne v. State, [Ms. CR-91-1840, April 15, 1994] — So.2d— (Ala.Cr.App.1994).
The prosecutor gave the following reason for his strike of a black female:
“Didn’t really want to strike her, but talked to LeBarron Smith, who is a lieutenant with the Prichard Police Department who also happens to be black, and on his advice I struck her because she lives in the Happy Hills area. There is a lot of crime in Happy Hills. This case may or may not have some gang connections to it. She has to go back home and live in that area. Either her verdict may be affected by where she has got to live or the fact that there may or may not be gangs in this. So it kind of cut both ways. But on his advice I think we just had to go ahead and strike her and not take any chances on her.”
The Alabama Supreme Court in Ex parte Bird, 594 So.2d 676 (Ala.1991), specifically addressed the validity of strikes based on a veniremember’s residency in a “high crime” area.
“The bare allegation that a venire-member lives in a ‘high crime’ area is also constitutionally deficient. Williams v. State, 548 So.2d 501, 506 (Ala.Cr.App. 1988). Not only do such allegations fail to demonstrate any relevance to the particular case sub judice, but, were they given credence, they could well serve as ‘convenient talisman[s] transforming Batson’s, protection against racial discrimination in jury selection into an illusion and the Batson hearing into an empty ceremony.’ C.E.J. v. State, 788 S.W.2d 849, 857 (Tex. Ct.App.1990). Also, this excuse might all too frequently serve to eliminate from jury service those individuals living at the lower end of the socioeconomic scale.”
594 So.2d at 682.
The prosecutor expressed concern that the location of the veniremember’s residence might affect her verdict because he thought the case might concern gang-related activity. The prosecutor, however, did not question the veniremember about any concerns she might have about gang-related activity in the area in which she lived. “The failure of the State to engage in any meaningful voir dire on a subject of alleged concern is evidence *169 that the explanation is a sham and a pretext for discrimination.” Bird, 594 So.2d at 683.
The prosecutor’s implication that the veniremember might fear gang retaliation is based entirely on conjecture. In Williams v. State, 548 So.2d 501, 506 (Ala.Cr.App.1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989), we rejected a similar argument stating:
“[T]he bare fact that [a veniremember] lived in a high crime area does not warrant the assumption that she would be less interested in law enforcement or would be intimidated by the appellant.”
Based on the Alabama Supreme Court’s decision in Ex parte Bird, supra, we are compelled to hold that the prosecutor’s striking a veniremember because she lived in a “high crime” area is not a valid race-neutral reason. See, also, Hemphill v. State, 610 So.2d 413 (Ala.Cr.App.1992); O’Neal v. State, 602 So.2d 462 (Ala.Cr.App.1992); Harris v. City of Lipscomb, 602 So.2d 502 (Ala.Cr.App. 1992); and Sims v. State, 587 So.2d 1271 (Ala.Cr.App.1991), cert. denied, 502 U.S. 1098, 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992).
The striking of even one venire-member for a reason that is not race-neutral violates the Equal Protection Clause and the principle of Batson. Ex parte Carter, 627 So.2d 1030 (Ala.1993). The appellants’ convictions must be reversed and their cases remanded to the Circuit Court for Mobile County for further proceedings not inconsistent with this opinion. Although the appellants presented numerous issues on appeal, we addressed only that issue that required reversal.
REVERSED AND REMANDED.
All the Judges concur.