ON RETURN TO REMAND

TAYLOR, Judge.
The appellant, Isaiah Knight, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life in prison. After the United States Supreme Court released its opinion in J.E.B. v. Alabama, — U.S. —, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), holding that Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), extended to gender-based peremptory strikes, we remanded this ease so that a Batson hearing could be held. Knight v. State, 652 So.2d 769 (Ala.Cr.App.1994).
The appellant argued that males were struck from his venire for discriminatory reasons violative of Batson. The record reflects that the state struck five out of six black males from the venire. The prosecution gave the following reasons for striking the five males from the jury.
Prospective juror 56 — Stated in voir dire that defense counsel had successfully defended his brother in a criminal case.
Prospective juror 47 — Knew the defendant and had worked with him for approximately four years.
Prospective juror 38 — Had been charged with, or convicted of, public intoxication.
Prospective juror 41 — Was unemployed and was approximately the same age as the defendant.
Prospective juror 3 — Had been arrested for theft of property.
The court denied the Batson motion.
The reason for striking prospective juror number 56 did not violate Batson. This juror’s brother had in the past been represented by defense counsel. Ward v. State, 539 So.2d 407, 408 (Ala.Cr.App.1988) (juror struck because son had previously been represented by defense counsel).
Striking a prospective juror because of the juror’s relationship with the defendant, *773 the reason given for striking prospective juror number 47, does not violate Batson. Dobyne v. State, [Ms. CR-91-1840, April 15, 1994] — So.2d — (Ala.Cr.App.1994); Walker v. State, 611 So.2d 1133 (Ala.Cr.App.1992).
Strikes based on “[previous criminal charges, prosecutions, or convictions of the venire-member or a family member ...,” like the strike of prospective juror 38, who had been charged with or convicted of, public intoxication, have been found not to violate Batson. Thomas v. State, 611 So.2d 416, 418 (Ala.Cr.App.), cert. denied, 611 So.2d 420 (Ala.1992). See also Harris v. City of Lipscomb, 602 So.2d 502, 503 (Ala.Cr.App.1992); Baker v. State, 555 So.2d 273 (Ala.Cr.App.1989).
The reason given for striking prospective juror number 41, i.e., that he was unemployed, has been called “highly suspect.” Ex parte Bird, 594 So.2d 676 (Ala.1991). However, the record reflects that the prosecution went to great lengths to ensure that he struck all unemployed prospective jurors for this same reason.
“The fact that a veniremember is unemployed may constitute a valid reason for the exercise of a peremptory strike.... Because in this case the prosecutor equally applied the reason of being unemployed to both white and black veniremembers, we find such explanation to be race-neutral.”
Hart v. State, 612 So.2d 520, 524 (Ala.Cr.App.1991), aff'd, 612 So.2d 536 (Ala.1992), cert. denied, — U.S. —, 113 S.Ct. 2450, 124 L.Ed.2d 666 (1993) (citations omitted).
A trial court’s finding that there had been no violation of Batson is entitled to great deference on appeal.
“ ‘The trial judge’s determination in each case that peremptory challenges were not racially motivated is, ordinarily, entitled to considerable deference.’ Bui v. State, 627 So.2d 855 (Ala.Cr.App.1992), cert. denied, [—] U.S. [—], 113 S.Ct. 2970 [125 L.Ed.2d 669] (1993). ‘It is well settled that the ruling of the trial court on a Batson hearing is entitled to substantial deference and will not be disturbed on review unless it is “clearly erroneous.” Scales v. State, 539 So.2d 1074 (Ala.1988).’ Ex parts Bankhead, 625 So.2d 1146 (Ala.1993). Accord Ex parte Branch, 526 So.2d [609] at 625-26 [ (Ala.1987) ].”
Wright v. State, 641 So.2d 1274, 1277 (Ala.Cr.App.1993). See Ex parte Thomas, [Ms. 1921804, May 20, 1994] — So.2d — (Ala.1994); Bang v. State, 620 So.2d 106 (Ala.Cr.App.1993). The court’s ruling that no violation of Batson occurred was not “clearly erroneous.”
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.